JACQUELINE CRENSHAW *vs.* WALLACE MACKLIN.

Suffolk. December 7, 1999. - January 21, 2000.

Present: MARSHALL, C.J., ABRAMS, LYNCH, GREANEY, IRELAND, SPINA, & COWIN, JJ.

*Abuse Prevention. Protective Order. Statute,* Construction. *Practice, Civil,* Judicial discretion.

Where St. 1990, c. 403, § 3, amended G. L. c. 209A, § 3, to explicitly grant a judge the authority to issue a permanent restraining order on the expiration of an initial restraining order, a District Court judge erred in ruling that she had no power to grant a permanent abuse prevention order; the matter was remanded for reconsideration and the full exercise of the judge's discretion. [634-636]

CIVIL ACTION commenced in the West Roxbury Division of the District Court Department on December 10, 1997.

The case was heard by *Mary Ann Driscoll,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Claire Laporte (Nicole R. Hadas* with her) for the plaintiff.

*Wallace Macklin,* pro se, submitted a brief.

*Pauline Quirion,* for Women's Bar Association & others, amici curiae, submitted a brief.

MARSHALL, C.J. The plaintiff, Jacqueline Crenshaw, appeals from a decision of a judge in the District Court denying her request for a permanent protective order against the defendant, Wallace Macklin, pursuant to G. L. c. 209A, § 3. The judge said that she was not authorized to do so. We granted the plaintiff's application for direct appellate review. We hold that G. L. c. 209A, § 3, empowers a judge in the District Court (or any other court with jurisdiction to consider the matter) to issue a permanent protective order at a renewal hearing. We remand the case to the District Court for further proceedings consistent with this opinion.

1. Crenshaw and Macklin lived together for much of the period between 1986 and 1997. During that period, the couple

had one son. Crenshaw also has two children of her own. According to Crenshaw, her relationship with Macklin was marked by his sporadic abuse toward her and her children. In 1997, after an incident in which Macklin assaulted Crenshaw's daughter, Crenshaw sought a protective order against him. On December 10, 1997, a judge in the West Roxbury District Court issued an ex parte protective order pursuant to G. L. c. 209A, § 4, in favor of Crenshaw and her daughter against Macklin. The next day, with both parties present, the restraining order was extended for one year, pursuant to G. L. c. 209A, § 3.

On December 10, 1998, Crenshaw, who was then represented by counsel, again appeared in the District Court seeking a renewal of the protective order entered twelve months previously. Macklin did not appear. Crenshaw's counsel requested that the protective order be made permanent. The judge agreed to extend the order, but refused to make it permanent, stating that she lacked the authority to do so.[1] The judge renewed the restraining order until December 10, 1999, one year later. Crenshaw filed a timely appeal.

2. We interpret G. L. c. 209A, § 3, according to "its words construed by the ordinary and approved usage of the language," examined in light of the statute's purpose. *O'Brien* v. *Director of the Div. of Employment Sec.*, 393 Mass. 482, 487-488 (1984), quoting *Industrial Fin. Corp.* v. *State Tax Comm'n*, 367 Mass.

---

[1]The following exchange took place at the renewal hearing:

COUNSEL FOR THE PLAINTIFF: "Your Honor, there's a long history of abuse in this relationship, and we would like to make this [order] permanent."

THE JUDGE: "Yes, I'll extend it. Well, I can't make it permanent. I'll extend it for a year. That's all I can do."

COUNSEL FOR THE PLAINTIFF: "You can make it permanent under the statute."

THE JUDGE: "No, I can't. Not in district court."

COUNSEL FOR THE PLAINTIFF: "I have the statute here, Your Honor, if I could show it to you."

THE JUDGE: "One year, one year."

COUNSEL FOR THE PLAINTIFF: "Your Honor, can I show you the statute?"

THE JUDGE: "In district court, [the time limit is] one year, counsel . . . ."

360, 364 (1975). Section 3 provides procedures for obtaining abuse prevention remedies for parties in the same family or household.[2] A person suffering from abuse may file a complaint requesting a protective order. G. L. c. 209A, § 3. On a finding of abuse, a judge may issue any one of several remedies provided in the statute. Relief on an initial complaint is limited to one year. *Id.* ("Any relief granted by the court shall be for a fixed period of time not to exceed one year"). Section 3 further provides:

> "Every order shall on its face state the time and date the order is to expire and shall include the date and time that the matter will again be heard. If the plaintiff appears at the court at the date and time the order is to expire, *the court shall determine whether or not* to extend the order for any additional time reasonably necessary to protect the plaintiff or *to enter a permanent order*" (emphasis added).

*Id.* Thus, at a renewal hearing, a judge's discretion is broad: she may permit the existing order to expire without renewal; she may issue a permanent order; or she may issue an order of shorter duration of "any time reasonably necessary" to protect the abused person. When the language of the statute is clear, a judge's obligation is to follow the Legislature's command. See *Bay State Gas Co.* v. *Local No. 273, Util. Workers Union*, 413 Mass. 72, 75-76 (1993).

The legislative history of § 3 is to like effect. Prior to 1990, § 3 authorized a judge to extend initial orders for "such additional time as [she] deems necessary to protect the plaintiff

---

[2]General Laws c. 209A, § 1, defines "[f]amily or household members" as persons who:

"(*a*) are or were married to one another;

"(*b*) are or were residing together in the same household;

"(*c*) are or were related by blood or marriage;

"(*d*) having a child in common regardless of whether they have ever married or lived together; or

"(*e*) are or have been in a substantive dating or engagement relationship, which shall be adjudged by [the] district, probate or Boston municipal courts."

from abuse." G. L. c. 209A, § 3, as appearing in St. 1983, c. 678, § 4. Although that language left to the discretion of the judge the time period of any extension of an initial abuse prevention order, the statute did not specify whether a judge had the authority to issue a permanent order. In 1990, the Legislature amended the statute, adding the language that now explicitly grants a judge that authority. St. 1990, c. 403, § 3. Any ambiguity in the earlier statute was thereby resolved.

Nevertheless, the judge in this case ruled that she did not have the authority to issue a permanent order in these circumstances. The judge may have been confused by our ruling in *Champagne* v. *Champagne*, 429 Mass. 324 (1999), where we interpreted G. L. c. 208, § 18, which allows a judge in the Probate Court and Family Court to issue a permanent protective order in the context of a pending divorce proceeding. Our references to G. L. c. 209A, § 3, contained in dicta, may have suggested that protective orders under § 3 may not extend beyond one year. *Id.* at 326. To the extent there is any confusion, our opinion in the *Champagne* case with regard to comments on G. L. c. 209A, § 3, should be read to conform to our ruling here.

3. The order issued by the judge was within her permissible discretion. Our review of the exercise of that discretion generally is limited to whether she abused her discretion. See *Sinnott* v. *Boston Retirement Bd.*, 402 Mass. 581, 585 (1988). But a ruling by a judge that she has no power to grant an order, when in fact such an order is discretionary, is an error of law. See *Peterson* v. *Cadogan*, 313 Mass. 133, 134-135 (1943); *Long* v. *George*, 296 Mass. 574, 578 (1937). It was error for the judge to refuse to entertain a request for a permanent abuse prevention order against the defendant. We remand the case to the District Court to permit the judge to reconsider her order and to exercise her discretion to the full extent provided by statute.[3]

*So ordered.*

---

[3]Macklin, who did not appear at oral argument, filed a pro se brief. He does not challenge the jurisdiction of the District Court judge to issue a permanent order, but argues that the entry of a permanent order is not warranted against him. Macklin will have an opportunity to raise those issues before the judge in the District Court.