## WENDY LONERGAN-GILLEN vs. MICHAEL J. GILLEN.

No. 01-P-447.

Middlesex. October 8, 2002. - April 9, 2003.

Present: JACOBS, LAURENCE, & COWIN, JJ.

*Abuse Prevention. Protective Order.*

At a hearing conducted pursuant to G. L. c. 209A in which the plaintiff sought
to renew a temporary abuse prevention order, the District Court judge
erred, as a matter of law, by refusing, on the basis of his personal prefer-
ence or philosophy, to consider the option of a permanent order. [747-750]

COMPLAINT for protection from abuse filed in the Woburn
Division of the District Court Department on October 5, 1999.

A request for a permanent abuse protection order was
considered by *Douglas W. Stoddart*, J.

*Kristi G. Hatrick* for the plaintiff.

JACOBS, J. The plaintiff appeals from the denial of her request
for a permanent abuse protection order. She claims that the
judge erred, as matter of law, by refusing to consider the option
of a permanent order at a renewal hearing conducted pursuant
to G. L. c. 209A, § 3.[1] We agree and remand the case for further
hearing.

The plaintiff was divorced from the defendant in 1998. She
first obtained a temporary abuse prevention order against him
on October 5, 1999, in the District Court. After a short exten-
sion and at a hearing at which the defendant did not appear, the

---

[1] In pertinent part, G. L. c. 209A, § 3, as amended by St. 1990, c. 403, § 3,
states: "If the plaintiff appears at the court at the date and time the order is to
expire, the court shall determine whether or not to extend the order for any
additional time reasonably necessary to protect the plaintiff or to enter a
permanent order."

order was further extended to October 5, 2000.[2] On that date, the plaintiff and her counsel attended and asked for a permanent order. The defendant again was not present.[3]

Upon the court clerk's announcement of the plaintiff's request, the judge, who had not been previously involved in this case, immediately stated: "I'll give you a year . . . I think due process requires annual review dates. I don't want to do an indefinite." In brief exchanges with plaintiff's counsel, the judge stated: "There's a big dispute among judges. Some judges are doing it and some aren't." At that point plaintiff's counsel, apparently referring to *Crenshaw* v. *Macklin,* 430 Mass. 633 (2000), stated, "[t]he [Supreme Judicial Court] just decided this issue . . . and made clear that a District Court judge has the discretion to issue a permanent order." The judge replied, "Yeah, I know some, some are doing it. . . . I don't think there's any great harm to due process to come in at least once a year to review what's going on." Counsel attempted to persuade the judge that it was difficult for the plaintiff to "relive this year after year," but the judge said, "I don't think we as judges make it real difficult for litigants . . . . I just have a philosophical difference with you. I don't see the great harm that you do in reviewing these once a year." Without taking or alluding to any evidence, the judge then denied the request for a permanent order and approved a one-year extension, telling the plaintiff: "My guess is that maybe half the judges do grant these indefinitely, so next year, you may have a good opportunity to have that."

*Discussion.* Following a listing of remedial orders available to "[a] person suffering abuse," G. L. c. 209A, § 3, provides: "Any relief granted by the court shall be for a fixed period of time not to exceed one year." Section 3 further provides that, if

---

[2]At this time the order was modified to require the defendant not to contact the couple's two minor children and to stay at least one hundred yards away from them.

[3]The record indicates that the defendant had a Kansas address. A docket entry on November 6, 2000, states that a return of service was filed indicating the defendant had been served in hand with a copy of the order.

The defendant has not filed a brief in this appeal. The certificate of service filed by plaintiff's appellate counsel states that the defendant was served with copies of her brief by first class mail at his Kansas address.

the plaintiff appears at the time established for the expiration of an initial protective order, "the court shall determine whether or not to extend the order for any additional time reasonably necessary to protect the plaintiff or to enter a permanent order." The text and history of those provisions,[4] trial court guidelines,[5] and dicta in *Champagne* v. *Champagne*, 429 Mass. 324 (1999),[6] may have engendered the type of uncertainty as to the permitted duration of a c. 209A renewal order reflected in the judge's remarks. Any such confusion was addressed and resolved, however, by *Crenshaw* v. *Macklin, supra*, decided about ten months before the renewal hearing in this case. There, the court held that "G. L. c. 209A, § 3, empowers a judge . . . to issue a permanent protective order at a renewal hearing." *Id.* at 633. The court also emphasized that "at a renewal hearing, a judge's discretion is broad: [a judge] may permit the existing order to expire without renewal; [a judge] may issue a permanent order; or [a judge] may issue an order of shorter duration of 'any time reasonably necessary' to protect the abused person." *Id.* at 635.

The judge, as conceded by the plaintiff, clearly recognized that he had discretion to enter a permanent order. This case, therefore, does not fall within the principle that a judge who rules, or demonstrates a belief, that he is without power to grant a permitted order commits error. *Crenshaw* v. *Macklin, supra* at 636. See *Tazziz* v. *Tazziz*, 26 Mass. App. Ct. 809, 814 & n.5 (1988). It does, however, present the troubling picture of a judge who does not even purport to exercise permitted discretion and instead idiosyncratically applies a self-imposed limitation upon his remedial jurisdiction.

The proper exercise of judicial discretion involves making a circumstantially fair and reasonable choice within a range of

[4]Until 1990, § 3 did not expressly authorize permanent orders. In that year, an amended version of § 3 (St. 1990, c. 403, § 3) explicitly permitted the entry of such an order at a renewal hearing.

[5]As late as December, 2000, Massachusetts Trial Court, Guidelines for Judicial Practice: Abuse Prevention Proceedings § 6:08 (rev. 1997) stated that an order "may be extended for up to another year."

[6]In a case addressing whether G. L. c. 208, § 18, empowered a Probate and Family Court to issue permanent orders, the court in *Champagne* v. *Champagne, supra* at 327, stated that "[a]lthough parties may receive c. 209A protective orders to supplement a divorce decree, they must renew these protective orders annually."

permitted options.[7] Discretion "implies the absence of a hard-and-fast rule" and may, in some settings, encompass taking no action. *Long* v. *George*, 296 Mass. 574, 578 (1937), quoting from *Paquette* v. *Fall River*, 278 Mass. 172, 174 (1932). Proper exercise of judicial discretion requires more than avoiding "arbitrary determination, capricious disposition, or whimsical thinking." *Davis* v. *Boston Elev. Ry. Co.*, 235 Mass. 482, 496 (1920). It imports a willingness, upon proper request, to consider all of the lawfully available judicial options. "Where discretion to grant relief exists, a uniform policy of denying relief is error." *Berryman* v. *United States*, 378 A.2d 1317, 1320 (D.C. 1977).[8] "It is one thing to consider [a] right [to exclude evidence] and exercise it either way, but having been given that right, analogous to discretion, it is the duty of the judge to exercise it, and it is error as a matter of law to refuse to exercise it." *Commonwealth* v. *Edgerly*, 13 Mass. App. Ct. 562, 571 (1982). Similarly, it is error to refuse, on the basis of personal preference or philosophy, a request to give consideration to a permanent order permitted by G. L. c. 209A. We do not intimate that such consideration be extensive or formal, see *Zullo* v. *Goguen*, 423 Mass. 679, 681 (1996), only that it be conscientious.[9]

We note in passing that the judge's due process concerns

---

[7]Most attempts at defining judicial discretion focus on choice. A leading scholar in the field stated: "If the word *discretion* conveys to legal minds any solid core of meaning, one central idea above all others, it is the idea of *choice*" (emphasis original). Rosenberg, Judicial Discretion of the Trial Court, Viewed from Above, 22 Syracuse L. Rev. 635, 636 (1971). See *Johnson* v. *United States*, 398 A.2d 354, 361 (D.C. 1979) ("Discretion signifies choice"). For a collection of articles and cases on the subject, see Smithburn, Judicial Discretion (National Judicial College, American Bar Association 1991).

[8]Other jurisdictions have held the application of fixed, mechanical or blanket policies in areas left to judicial discretion to be error. See, e.g., *Alamance Indus., Inc.* v. *Filene's*, 291 F.2d 142, 146-147 (1st Cir.), cert. denied, 368 U.S. 831 (1961); *United States* v. *Hudson*, 970 F.2d 948, 956 & n.2 (1st Cir. 1992); *Olney* v. *Municipal Ct. for the El Cajon Judicial Dist. of San Diego*, 133 Cal. App. 3d 455, 462 (1982); *In re Marriage of Dillman*, 478 N.E.2d 86, 89 (Ind. App. 1985); *State* v. *Boston*, 11 N.W.2d 407, 411-412 (Iowa 1943); *State* v. *Carter*, 124 Ohio App. 3d 423, 428-429 (1997).

[9]Given the foreclosing nature of the judge's remarks and the fact that "[a]t a hearing on the plaintiff's request for an extension . . . the plaintiff is not required to re-establish facts sufficient to support that initial grant of an abuse

were misplaced. The due process rights of a defendant in a G. L. c. 209A proceeding are amply protected. See *Frizado* v. *Frizado*, 420 Mass. 592, 596-598 (1995); Guidelines for Judicial Practice: Abuse Protection Proceedings § 1:02, Due Process Considerations, and § 6:08, Further Extending a Protective Order (rev. 2000). Also, the "permanency" of an order is only theoretical, for it always is subject to modification under G. L. c. 209A, § 3, which provides that "[t]he court may modify its order at any subsequent time upon motion by either party."

The denial of the plaintiff's request for a permanent order is vacated, and the matter is remanded to the District Court for further hearing.

*So ordered.*

---

prevention order," *Rauseo* v. *Rauseo*, 50 Mass. App. Ct. 911, 913 (2001), counsel may be excused from making a formal offer of proof supplementing the information set out in the plaintiff's affidavit. It is also noteworthy in this regard that the judge extended the initial order without hearing any evidence. Compare *Jones* v. *Gallagher*, 54 Mass. App. Ct. 883, 890 (2002) ("The mere fact that a c. 209A order issued in the past, standing alone, is not enough for a judge to conclude, on a request for renewal, that 'additional time [is] reasonably necessary to protect the plaintiff.' G. L. c. 209A, § 3").