ANEETA SINGH *vs.* SCOTT CAPUANO
(and a consolidated case[1]).

Middlesex. February 3, 2014. - June 11, 2014.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Abuse Prevention. Witness,* Self-incrimination. *Practice, Civil,* Moot case.

Statement that, in the circumstances of a District Court proceeding on the plaintiff's request to extend an abuse prevention order for one year, neither the pending criminal proceedings against the defendant nor the fact that the plaintiff could have sought relief in the Probate and Family Court provided a basis for continuing the matter without holding an evidentiary hearing. [330-333]

Statement that, in the circumstances of a proceeding on an abuse prevention order in which the defendant also faces criminal charges, declines to testify, and instead asserts his privilege against self-incrimination, the judge as fact finder is required to carefully consider all the circumstances of the case in deciding whether to draw an adverse inference based on the defendant's failure to testify, i.e., the judge is obliged to consider whether such an inference is fair and reasonable based on all the circumstances and evidence before him. [333-334]

Statement that, in establishing the duration of an abuse prevention order, neither a defendant's visitation rights nor the pendency of criminal proceedings against the defendant is an appropriate consideration; rather, the exclusive focus must be on the applicant's need for protection. [334]

COMPLAINT for protection from abuse filed in the Somerville Division of the District Court Department on February 14, 2013.

Hearings to extend the abuse prevention order were had before *Neil J. Walker*, J., and *Joseph W. Jennings, III*, J.

The Supreme Judicial Court granted applications for direct appellate review.

*Michael J. Licker* (*Kevin J. Conroy* with him) for the plaintiffs.

*Cindy T.K. Palmquist,* for Women's Bar Association of Massachusetts, Inc., & others, amici curiae, submitted a brief.

IRELAND, C.J. The plaintiff, Aneeta Singh, appeals from two

[1]The consolidated case involves the same parties.

District Court orders extending for three months certain portions of an abuse prevention order that had issued against the defendant, Scott Capuano. Singh had sought to have the original order extended in its entirety for a full year. We granted Singh's applications for direct appellate review and consolidated the appeals. While the appeals have been pending, the underlying orders were succeeded by other orders, to which Singh does not object.[2] We therefore dismiss these appeals as moot. Considering the importance of "proper judicial administration of . . . restraining orders," *Uttaro* v. *Uttarro*, 54 Mass. App. Ct. 871, 873 n.2 (2002), however, we exercise our discretion to comment on some of the issues presented.[3]

*Facts.* On February 14, 2013, Singh filed a complaint in the District Court seeking an abuse prevention order against Capuano pursuant to G. L. c. 209A. After an ex parte hearing, a temporary order issued granting custody of the parties' minor child to Singh and directing Capuano to have no contact with, to stay at least fifty yards away from, and not to abuse Singh or the child. The matter was scheduled to be heard next on February 22, 2013. Shortly after the ex parte hearing, Singh filed a report with the police concerning the events underlying the c. 209A complaint and also applied for criminal complaints against Capuano that eventually issued.

Both parties appeared with counsel before a second District Court judge on February 22, 2013. Despite Singh's request for an evidentiary hearing and to have the abuse prevention order extended for one year, the judge expressly declined to hold an evidentiary hearing. Instead, the judge extended the order until April 11, 2013, and continued the hearing to that date. The

---

[2]Most recently, on January 28, 2014, a judge in the District Court extended the abuse prevention order against Capuano for a period of three years. Singh concedes that "[t]his extension renders moot [her] request for a remand to the [D]istrict [C]ourt." Although the most recent extension does not afford Singh all of the relief she sought when she applied for an abuse prevention order initially, she has not appealed from it.

[3]We acknowledge the amicus brief filed by Women's Bar Association of Massachusetts, Inc.; Women's Bar Foundation of Massachusetts, Inc.; Domestic & Sexual Violence Council, Inc.; Domestic Violence Institute at Northeastern School of Law; HarborCOV; Casa Myrna Vasquez, Inc.; Justice Center of Southeast Mass. LLC; Second Step; and Community Legal Services and Counseling Center.

judge indicated that he believed that the Probate and Family Court was the appropriate forum for resolving the matter; he also referred to the possible consequences for Capuano in the criminal proceedings if he were to testify in the c. 209A proceeding.

On April 11, 2013, the parties appeared with counsel before the same judge, and Singh again requested a hearing and a one-year extension of the order. Once again, the judge declined to hold an evidentiary hearing, referencing concerns similar to those he had raised previously. Over Singh's objection and without hearing the evidence, the judge declined to extend the no-contact and stay-away provisions of the extant order; extended the no-abuse provision for three months, until July 11, 2013; stated that the order would be subject to any orders of the Probate and Family Court; and continued the matter until July 11.

When the parties returned to the District Court on July 11, 2013, they appeared before the judge who initially had granted the ex parte order. Singh once again sought an evidentiary hearing and a one-year extension of the c. 209A order as originally issued. An evidentiary hearing was held, at which Singh testified and was cross-examined. Capuano did not testify, but instead asserted his privilege against self-incrimination. Singh therefore requested that an adverse inference be drawn against Capuano. The judge summarily refused to draw an adverse inference, extended the no-abuse provision of the order for three additional months, and declined to reinstate the no-contact and stay-away provisions that initially had been part of the order.

*Discussion.* Because of the extraordinary sensitivity of abuse prevention matters, the applicable statute, G. L. c. 209A, and the guidelines promulgated by the Trial Court call for prompt evidentiary hearings on the merits of applications for such orders. See Guidelines for Judicial Practice: Abuse Prevention Proceedings § 5:00 (Sept. 2011) (Guidelines) ("A hearing after notice in a c. 209A case should be scheduled as soon as possible after an ex parte order is issued, but in no event later than ten court business days after the issuance of such an order"); *id.* at § 5:01 ("The hearing after notice in a c. 209A action at which both parties appear is an adversarial proceeding in which both parties

must be allowed to present evidence"). See also *S.T.* v. *E.M.*, 80 Mass. App. Ct. 423, 429 (2011) ("absent serious court congestion or some other emergency, judges should hear and decide scheduled [c. 209A] matters if the parties are ready and wish to have a hearing"). Without first hearing the evidence, a judge should not, over objection, vacate any provision of a c. 209A order once issued, as the judge in this case did with the no-contact and stay-away provisions.[4] *Id.* at 429-430 ("judges should not issue, or vacate, any part of an abuse prevention order, over objection, without hearing the evidence and giving the parties an opportunity to respond").

Specifically, the statute and guidelines contemplate that notice will be given to the defendant and an evidentiary hearing will be held within ten days of the temporary, ex parte order. Barring an agreement of the parties or emergency circumstances, both sides are entitled to an evidentiary hearing within ten days.[5] See Guidelines, *supra* at § 4:00 ("Orders entered after an ex parte hearing should have duration of no more than ten court business days"); *id.* at commentary ("the ex parte orders should last only until the hearing after notice can be held, and that hearing should be scheduled for a date as soon as possible, consistent with service on the defendant, and, in any event, no more than 'ten court business days' after the ex parte hearing. G. L. c. 209A, § 4, second par."); *id.* at § 5:01. As in all cases, a judge in a c. 209A proceeding has a measure of discretion regarding the scheduling of hearings, but continuances must not be granted lightly, especially in a c. 209A case. The decision to continue or suspend a hearing or to postpone the receipt of evidence must be made in light of the judicial responsibility to hear and decide cases in a manner that is consistent with the purposes of the statute and the interests of justice. As we recognized in *Soe, Sex Offender Registry Bd. No. 252997* v. *Sex*

---

[4]It is also incumbent on District Court judges to ensure that any District Court orders issued pursuant to G. L. c. 209A are consistent with related orders entered in the Probate and Family Court. See Guidelines for Judicial Practice: Abuse Prevention Proceedings §§ 1:11, 2:07, 12:00 et seq., 13:00 (Sept. 2011).

[5]It is not appropriate for a judge, over either side's objection, to extend an ex parte order and continue the case for months without a hearing, as was done here.

*Offender Registry Bd.*, 466 Mass. 381, 391-392 (2013), quoting *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 97, 99-100 (2d Cir. 2012), "the person seeking a continuance or a stay of proceedings 'bears the burden of establishing its need,' " and "a particularized inquiry into the competing circumstances of, and the competing interests in, the case" is required. See *Commonwealth* v. *Taylor*, 428 Mass. 623, 627-628 (2007) (discussing pretrial continuances without change of plea in criminal cases; stating that judges must exercise discretion to grant continuances "only when based upon cause and only when necessary to insure that the interests of justice are served," citing Mass. R. Crim. P. 10 [a] [1], 378 Mass. 861 [1979]). This is especially important in c. 209A proceedings, which focus on the applicant's need for protection, and where the consequences of holding a prompt hearing can be significant. See, e.g., *Moreno* v. *Naranjo*, 465 Mass. 1001, 1002 (2013).[6]

In this case, neither the pending criminal proceedings against Capuano nor the fact that Singh could have sought relief in the Probate and Family Court provided a basis for continuing the matter without holding an evidentiary hearing. See Guidelines, *supra* at § 2:07 ("Plaintiffs initially seeking relief in the District Court, the Boston Municipal Court or the Superior Court Department should not be referred to the Probate and Family Court Department for any relief that is within the initial court's jurisdiction"); *id.* at commentary ("If the court in which a person initially seeks protection under c. 209A has jurisdiction, the person should be heard as soon as possible in court, and should not be sent to another court"). See also *S.T.* v. *E.M.*, 80 Mass. App. Ct. at 430 ("G. L. c. 209A[, § 2,] gives a choice of forum to the plaintiff. . . . A judge should not, sua sponte and over objection, discontinue an abuse prevention proceeding because he believes it should move to another forum — whether that forum is mediation, a criminal court, or another Trial Court department"). Notwithstanding that Capuano faced a potentially

---

[6]The judge in this case appears to have continued the case on his own initiative, not in response to any motion by the defendant. The same general principles apply, however. Regardless of whether a case is continued at the request of a party or on a judge's own initiative, it must only be done based on demonstrated need and a careful weighing of the competing interests and circumstances.

difficult choice between testifying in the c. 209A case or asserting his privilege against self-incrimination, Singh was nevertheless entitled to a prompt evidentiary hearing on her claim under c. 209A.

We also comment briefly on the permissible use of an adverse inference when a defendant in a civil abuse prevention matter, who also faces criminal charges, declines to testify and instead asserts his privilege against self-incrimination in the abuse prevention case. It is well settled that a fact finder may, but is not required to, draw an inference adverse to the nontestifying defendant in such a situation. See *Frizado* v. *Frizado*, 420 Mass. 592, 596 (1995) ("An inference adverse to a defendant may properly be drawn . . . from his or her failure to testify in a civil matter such as this, even if criminal proceedings are pending or might be brought against the defendant. . . . The fact that the defendant may refuse to testify on the ground of self-incrimination does not bar the taking of an adverse inference"). But there is a difference between, on the one hand, a fact finder considering whether to draw such an inference and declining to do so and, on the other hand, the fact finder refusing outright even to entertain the possibility of drawing the inference. The situation is akin to one where a judge, with discretion to rule on a matter, fails or refuses to exercise that discretion, as to which we have said:

> "The term discretion implies the absence of a hard-and-fast rule. The establishment of a clearly defined rule of action would be the end of discretion, and yet discretion should not be a word for arbitrary will or inconsiderate action. 'Discretion means a decision of what is just and proper under the circumstances.' *The Styria* v. *Morgan*, 186 U.S. 1, 9 [(1902)], quoted in *Paquette* v. *Fall River*, 278 Mass. 172, 174 [(1932)]."

*Long* v. *George*, 296 Mass. 574, 578 (1937). See *Pierce* v. *Pierce*, 455 Mass. 286, 293 (2009); *Lonergan-Gillen* v. *Gillen*, 57 Mass. App. Ct. 746, 749 (2003), quoting *Berryman* v. *United States*, 378 A.2d 1317, 1320 (D.C. 1977) ("Where discretion to grant relief exists, a uniform policy of denying relief is error"). When a defendant has asserted his privilege not to testify, a judge, as fact finder, is required to carefully consider

all the circumstances of the case when making the decision whether to draw an adverse inference. In this case, if the judge's statement that he would "not draw an adverse inference for [Capuano's] refusal to testify when there's a pending criminal matter" reflected a hard-and-fast rule never to draw an adverse inference against nontestifying defendants, it would have been improper. The assertion of the privilege against self-incrimination ought to have been considered and weighed as part of the evidence in the case. *Andrews* v. *Frye*, 104 Mass. 234, 236 (1870). While the decision whether to draw an adverse inference based on Capuano's failure to testify was ultimately one for the judge as fact finder, the judge was obliged to consider whether such an inference was fair and reasonable based on all the circumstances and evidence before him.

Finally, neither a defendant's visitation rights nor the pendency of criminal proceedings is an appropriate consideration in establishing the duration of a G. L. c. 209A order. The exclusive focus must be on the applicant's need for protection. As we said in *Moreno* v. *Naranjo*, 465 Mass. at 1002 n.2:

> "The Trial Court's guidelines for proceedings under G. L. c. 209A strongly suggest that an order after notice should be for a minimum of one year, unless the plaintiff requests a shorter period or the court finds that a shorter period is warranted, and that orders for shorter periods should not be routinely issued over the plaintiff's objection. Guidelines for Judicial Practice: Abuse Prevention Proceedings § 6.02 & commentary (Sept. 2011)."

See *Iamele* v. *Asselin*, 444 Mass. 734, 739 (2005). In this case, the plaintiff was granted multiple orders for periods of less than one year, following proceedings at which it appears that factors other than her need for protection improperly were considered.

*Conclusion.* To fulfil the intended purposes of the statute, the procedure in abuse prevention matters pursuant to G. L. c. 209A should hew closely to the terms of the statute and the applicable Trial Court guidelines. It is essential, among other things, that hearings be held promptly. Neither the pendency of criminal proceedings against the defendant nor a judicial preference that

the matter be decided in another forum is an appropriate consideration in deciding whether to continue a hearing. Decisions to grant, deny, extend, modify, or vacate orders must be based on the evidence, after hearings, and only upon proper considerations, and orders that are granted must be of sufficient duration to protect the plaintiff, for whose benefit they are issued.

*Appeals dismissed as moot.*