The plaintiff appeals from the order of a District Court judge extending for one year a G. L. c. 258E harassment prevention order entered in her favor on January 17, 2018. She argues that the judge abused his discretion in extending the order for one year, instead of the four-year period to which the parties had agreed.[2] We affirm.
We review the decision to extend a harassment prevention order for abuse of discretion. See Crenshaw v. Macklin, 430 Mass. 633, 636 (2000) (concerning abuse prevention order issued pursuant to G. L. c. 209A). The duration for which the order should be extended is also a matter of discretion, based on a showing of continuing need for the order. The specific question to be determined by the judge is whether the plaintiff has demonstrated reasonable, continuing fear of harassment. If so, the judge has the authority "to extend the order for any additional time reasonably necessary to protect the plaintiff or to enter a permanent order." G. L. c. 258E, § 3. See Crenshaw, supra.
Pointing to comments made by the judge at the January 17, 2018, extension hearing, as well as at the earlier extension hearing on January 23, 2017, the plaintiff argues that the judge appeared not to understand that the statute authorizes extensions of any length (including permanent ones) upon a showing of need, and that he has a de facto policy of not extending orders for more than one year regardless of the evidence. We acknowledge that, at the 2017 hearing, the judge incorrectly indicated that the statute does not permit permanent extensions and that, at the outset of the 2018 hearing and before hearing evidence, the judge stated that he would enter only a one-year extension order despite the parties' agreement. But we do not read such comments in isolation. The judge's further comments reflect that he correctly understood that the parties' agreement was not dispositive and that he needed to consider the evidence and "make some findings before I even extend the order no matter what your agreement is." He then invited and considered evidence from the plaintiff in support of the extension of the order. Taken in context, contrary to the circumstances presented in Lonergan-Gillen v. Gillen, 57 Mass. App. Ct. 746 (2003), we do not read the judge's comments as announcing a categorical view or policy of never extending orders for more than one year regardless of the evidence. Moreover, the judge's written rationale, although brief, explains that he based his decision not to extend the order by four years (or permanently) on his weighing of the evidence -- a further indication that his decision was not the product of an inflexible rule or policy.
On this record, we cannot say that the judge failed to exercise his discretion within permissible parameters, and we accordingly affirm the order entered on January 17, 2018.
So ordered.
Affirmed.

The parties' written agreement is not in the record appendix. The defendant has not filed a brief in this appeal.