The defendant appeals from an order allowing the extension of an abuse prevention order issued pursuant to G. L. c. 209A, § 3 (209A order). He claims that the extension of the 209A order was an abuse of discretion because the evidence did not establish that the plaintiff had an objectively reasonable fear of imminent serious physical harm from the defendant at the time the order was extended. We affirm.
Background. We summarize the factual background. On September 29, 2015, the plaintiff applied for an emergency ex parte 209A order. The affidavits the plaintiff submitted in connection with her application asserted that her former boyfriend had (1) physically and sexually assaulted her, (2) stalked her consistently since their break up two years earlier, and (3) sent her a text message in which he threatened to come to her school to harm her.[2] After a hearing at which both parties appeared, the judge ordered the defendant not to contact or abuse the plaintiff, and that he stay away from her residence and school. The 209A order was to remain in effect until October 14, 2016. On October 25, 2016, the 209A order was extended for an additional year after a hearing at which both parties appeared. At a hearing on October 25, 2017, the plaintiff sought to have the order extended again. The plaintiff testified and was cross-examined by the defendant's attorney. She acknowledged that the defendant had not contacted her in two years, but testified that her fear of the defendant continued. The 209A order was extended and this appeal followed.
Discussion. At a hearing to extend a 209A order, the burden is on the plaintiff to establish facts justifying the extension by a preponderance of the evidence. See Iamele v. Asselin, 444 Mass. 734, 736 (2005). "The standard for obtaining an extension of an abuse prevention order is the same as for an initial order -- 'most commonly, the plaintiff will need to show a reasonable fear of imminent serious physical harm at the time that relief ... is sought.' " MacDonald v. Caruso, 467 Mass. 382, 386 (2014), quoting Iamele, supra at 735. That fear must be objectively reasonable. See Smith v. Jones, 75 Mass. App. Ct. 540, 543 (2009). "It is the totality of the conditions that exist at the time that the plaintiff seeks the extension, viewed in the light of the initial abuse prevention order, that govern." Iamele, supra at 741. We review the judge's decision at an extension hearing for abuse of discretion. See Crenshaw v. Macklin, 430 Mass. 633, 636 (2000).
If the extension request is based on past physical abuse, as it was in this case, "the failure of the plaintiff to have an objectively reasonable fear of imminent serious physical harm does not by itself preclude extension of an abuse prevention order. Faced with an extension request in such a circumstance, the judge must make a discerning appraisal of the continued need for an abuse prevention order to protect the plaintiff from the impact of the violence already inflicted." Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014). "The infliction of some wounds may be so traumatic that the passage of time alone does not mitigate the victim's fear of the perpetrator." Vittone v. Clairmont, 64 Mass. App. Ct. 479, 489 (2005).
Here, the abuse alleged in the original complaint was serious. The plaintiff described a pattern of verbal and physical abuse during her relationship with the defendant which included physical assaults and rape. According to the plaintiff, the defendant stalked her after their relationship ended causing her to suffer "PTSD[,] [n]ight terrors, crippling anxiety, panic attacks and flashbacks." Considering this evidence and the nature of the underlying physical abuse, we cannot reasonably say that the judge failed to make a "discerning appraisal of the continued need for an abuse prevention order to protect the plaintiff from the impact of the violence already inflicted." Callahan, supra. Accordingly, we discern no abuse of discretion.
Order entered on October 25, 2017, extending abuse prevention order affirmed.

The plaintiff prepared two affidavits -- one in support of her initial ex parte application for a 209A order and a second on the following day when she appeared in the Malden District Court.