QUILLA Q. vs. MATT M., 102 Mass. App. Ct. 237

 
 QUILLA Q. vs. MATT M. [Note 1]

102 Mass. App. Ct. 237
 November 9, 2022 - January 27, 2023

Court Below: District Court, Worcester Division
Present: Meade, Sullivan, & D'Angelo, JJ.

 

No. 22-P-255.

Abuse Prevention. Protective Order. Parent and Child, Child support. District Court, Jurisdiction. Jurisdiction, Child support. 

At a proceeding to extend an abuse protection order under G. L. c. 209A, the District Court judge abused his discretion by declining to consider the plaintiff wife's initial request for child support from the defendant husband on the basis that she could make such a request in divorce proceedings pending in the Probate and Family Court, where the Legislature, for reasons of public policy and public safety, vested the District Court, among other trial court departments, with the authority to issue such support orders. [239-243]

Complaint for protection from abuse filed in the Worcester Division of the District Court Department on September 27, 2021.

 A hearing to extend the abuse prevention order was had before Michael G. Allard-Madaus, J.

 Christina L. Paradiso for the plaintiff.

 Jamie A. Sabino, Rachel B. Biscardi, & Laura W. Gal, for Massachusetts Law Reform Institute & others, amici curiae, submitted a brief.

 SULLIVAN, J. When her husband, Matt M., threatened her life, Quilla Q. sought and received an ex parte emergency abuse prevention and custody order in the District Court. At the subsequent extension hearing, Matt agreed to the extension of the order and stated a willingness to pay child support, as requested by Quilla. See G. L. c. 209A, §§ 3, 4. However, when the judge learned that Quilla had filed for divorce in the period between the ex parte hearing and the extension hearing, he told the parties to make the initial request for child support in the Probate and Family Court. On appeal, Quilla asserts that the judge abused his 

 Page 238 

discretion by failing to consider the initial request for child support, and by failing to award it. We agree that the request for child support should have been considered and vacate so much of the order as declined to consider child support. [Note 2]

 Background. The facts are undisputed. [Note 3] Quilla and Matt were married on October 10, 2020, and had a baby in 2021. The events leading up to the issuance of the order occurred on September 27, 2021, when the baby was five months old. As recounted in Quilla's affidavit, during an argument, Matt blocked an exit door and held a knife to Quilla. He threatened to punch her in the face and choke her to death, stating that "he killed while in the army so he'd have no problem killing again." With Matt in pursuit, Quilla ran with the baby to her car, locked the car doors, drove away, and called 911. That day, Quilla petitioned for and was granted an ex parte abuse prevention order that barred contact with her and the baby and awarded custody to her. See G. L. c. 209A, § 3.

 At a hearing held on October 13, 2021, Quilla requested a one-year extension of the abuse prevention order (including its custody provisions), and child support. Matt did not oppose either request. The judge inquired about proceedings in the Probate and Family Court, and Quilla's counsel informed the judge that a divorce action had been commenced, but that she needed financial support "now, just because [Quilla] needs the financial support to stay safe in the meantime while the family matter is pending." Quilla submitted a completed affidavit and child support worksheet [Note 4] that showed that Matt was the sole wage earner, Quilla had no income, and childcare expenses were approximately 

 Page 239 

$350 per week.

 Matt stated that he did not "have a problem with [the support order]. I mean if you want." At that point, the judge interjected, stating, "I'm not going to do it sir. I think it's an improper forum, even though we have the ability to do it. The [P]robate [C]ourt is right downstairs. You can get relief there." The judge extended the abuse prevention order for one year, entered stay away and no contact orders, awarded custody of the baby to Quilla, and instructed law enforcement to confiscate any firearms, but the judge declined to consider the request for child support on the basis that the divorce had been filed.

 Discussion. "We review the issuance of a c. 209A order for an abuse of discretion or other error of law." Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 787 (2022). The judge abused his discretion by declining to consider this initial request for child support.

 Available relief under G. L. c. 209A includes not only "ordering the defendant to refrain from abusing the plaintiff," G. L. c. 209A, § 3 (a), but also, at a hearing after notice, [Note 5] "ordering the defendant to pay temporary support for the plaintiff or any child in the plaintiff's custody or both, when the defendant has a legal obligation to support such a person," G. L. c. 209A, § 3 (e). The Superior Court, the District Court, and the Boston Municipal Court, in addition to the Probate and Family Court, are authorized to issue initial child support orders in the context of pending abuse prevention cases. See G. L. c. 209A, §§ 1, 2, 3 (e). Where there is an outstanding Probate and Family Court custody and 

 Page 240 

support order, judges in the other trial court departments also may consider an emergency modification of the outstanding custody and support order, pending further proceedings in the Probate and Family Court, in accordance with the detailed procedures outlined in the statute and the Guidelines for Judicial Practice: Abuse Prevention Proceedings (Oct. 2021) (Guidelines). See G. L. c. 209A, § 3; Guidelines § 1:11, Plaintiff's Requested Order Will Contradict Existing Probate and Family Court Order; id. at § 2:07, Referral to and from Other Courts and Avoiding Inconsistent Orders. [Note 6]

 Page 241 

 The purpose of this statutory scheme is to provide immediate support to victims of domestic violence and their children to "preserv[e] . . . the fundamental human right to be protected from the devastating impact of family violence." Iamele v. Asselin, 444 Mass. 734, 740 (2005), quoting Champagne v. Champagne, 429 Mass. 324, 327 (1999). Accord Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 665 (2020).

"The protective purpose of c. 209A is frustrated if the relief that it provides is not made available. Immediate support for the plaintiff and for any minor child(ren) may be a necessary precondition to the plaintiff's ability to seek other relief, e.g., the plaintiff may not be able to live away from the defendant unless the plaintiff has enough money to feed the child(ren) or for a place to stay. Referring the plaintiff to the Probate and Family Court . . . to establish a child support order (a process that can take weeks or months) should not substitute for providing relief under c. 209A when the law and the facts warrant such relief."

Guidelines § 6:05B, Support Orders, commentary. See Davis & Kraham, Protecting Women's Welfare in the Face of Violence, 22 Fordham Urb. L.J. 1141, 1151 (1995) (describing economic dependence of domestic violence victims as obstacle to meeting their children's basic needs, and to leaving abusive relationships).

 By issuing an initial support order, a judge of the District Court (or the Superior Court or the Boston Municipal Court) bridges the gap between the extension order and the issuance of custody and support orders by a judge of the Probate and Family Court. Issuing an initial order does not usurp the authority of the Probate and Family Court. A subsequent order by a judge of the Probate and Family Court supersedes the District Court order. See G. L. c. 209A, § 3 ("If the parties to a proceeding under this chapter are parties in a subsequent proceeding in the probate and family court 

 Page 242 

department . . . , any custody or support order or judgment issued in the subsequent proceeding shall supersede any prior custody or support order under this chapter").

 If the request for a support order is made for the first time in the Superior Court, the District Court, or the Boston Municipal Court, the judge should decide it. "The proper exercise of judicial discretion involves making a circumstantially fair and reasonable choice within a range of permitted options." Lonergan-Gillen v. Gillen, 57 Mass. App. Ct. 746, 748-749 (2003). It is an abuse of discretion to fail to do so. See id. at 749. See also Crenshaw v. Macklin, 430 Mass. 633, 636 (2000) (in c. 209A proceeding, refusal to exercise discretion is error of law). Cf. Commonwealth v. Carey, 463 Mass. 378, 391 (2012) (failure to exercise discretion is abuse of discretion).

 The choice of forum (and venue) for issuance of an initial order rested with the plaintiff. See M.B. v. J.B., 86 Mass. App. Ct. 108, 113 (2014); S.T. v. E.M., 80 Mass. App. Ct. 423, 430 (2011). "[A]bsent serious court congestion or some other emergency, judges should hear and decide scheduled [c. 209A] matters if the parties are ready and wish to have a hearing." Singh v. Capuano, 468 Mass. 328, 331 (2014), quoting S.T., supra at 429. [Note 7] "Referring a plaintiff to another court may discourage the person from seeking the relief to which they are entitled under the law and may expose the person to additional danger. This is particularly so where the other court is at some distance and may be inaccessible to the plaintiff." Guidelines § 2:07, Referral to and from Other Courts and Avoiding Inconsistent Orders, commentary. "Similarly, fragmenting the relief available in the initial court, such as refusing to address child support requests as part of a c. 209A order even when the plaintiff demonstrates that such an order is necessary to protect the plaintiff from abuse, denies the plaintiff rights which the law provides, and may discourage a plaintiff from seeking any relief at all." Id.

 For these reasons,

"the fact that [the plaintiff] could have sought relief in the Probate and Family Court [did not] provide[] a basis [for declining to hear the request for support]. See Guidelines, supra at § 2:07 ('Plaintiffs initially seeking relief in the 

 Page 243 

District Court, the Boston Municipal Court or the Superior Court Department should not be referred to the Probate and Family Court Department for any relief that is within the initial court's jurisdiction'); id. at commentary ('If the court in which a person initially seeks protection under c. 209A has jurisdiction, the person should be heard as soon as possible in court, and should not be sent to another court')."

Singh, 468 Mass. at 332. "[General Laws] c. 209A[, § 2,] gives a choice of forum to the plaintiff. . . . A judge should not, sua sponte and over objection, discontinue an abuse prevention proceeding because he believes it should move to another forum - whether that forum is mediation, a criminal court, or another Trial Court department." Singh, supra, quoting S.T., 80 Mass. App. Ct. at 430.

 We are both respectful and mindful of the many challenges faced by judges in each of the trial court departments empowered to hear matters under G. L. c. 209A, including the pressures of managing busy criminal and civil caseloads. We are also aware of the deference that judges in those trial court departments accord to the expertise of their colleagues in the Probate and Family Court. However, the Legislature, for reasons of public policy and public safety, has vested the Superior Court, the District Court, and the Boston Municipal Court, as well as the Probate and Family Court, with the authority to issue support orders. Consistent with the language and intent of the statute, a judge of any of these four trial court departments who is presented with a request for an initial support order should decide it.

 So much of the judge's order as declined to consider the request for child support is vacated. The abuse protection order is otherwise affirmed.

 So ordered.

FOOTNOTES
[Note 1] The parties' names are pseudonyms. 

[Note 2] At oral argument, we were informed that Quilla received public assistance and obtained a child support order from the Probate and Family Court approximately six months later. While the issue before us is arguably moot, this scenario is capable of repetition while evading review. We decide this matter due to the importance of the statutory policy at stake, and because of the significant ramifications for those seeking abuse protection orders under G. L. c. 209A in the Superior Court, the District Court, and the Boston Municipal Court. See, e.g., Singh v. Capuano, 468 Mass. 328, 329 (2014). 

[Note 3] Quilla submitted an affidavit in support of her emergency request for an abuse prevention order. Matt did not contest the order or any of the facts recounted in Quilla's affidavit, facts that the judge impliedly credited by issuing the order. Matt has not filed a brief on appeal. 

[Note 4] "The Trial Court Child Support Guidelines should be applied in determining the presumptive amount of child support." Guidelines for Judicial Practice: Abuse Prevention Proceedings § 6:05B, Support Orders (Oct. 2021) (Guidelines). See G. L. c. 209A, § 3 (e). While the current version of the Guidelines was issued just after the extension hearing, we quote from the current version where the differences between the current and prior versions do not affect our analysis. The Executive Office of the Trial Court has issued forms for the affidavits of the parties, and a child support worksheet to accompany the Child Support Guidelines. The forms for the affidavits may be found at https://www.mass.gov/doc/plaintiffs-affidavit-in-support-of-request-for-a-child-support-order-gl-c-209a/download [https://perma.cc/5MCU-RHQL] and https://www.mass.gov/doc/defendants-affidavit-in-connection-with-request-for-a-child-support-order-gl-c-209a/download [https://perma.cc/BDH9-EDR2]. The child support worksheet is available at https://courtforms.jud.state.ma.us/publicforms/PFC0001_2021 [https://perma.cc/VS9B-QUQ6]. 

[Note 5] Ex parte orders for support are disfavored due to the lack of adequate information. The defendant should be notified of both the ex parte order and the request for support, and a judge should order a defendant to bring financial records reflecting current income to the hearing after notice by checking the appropriate box in section thirteen of the standard order form (FA-2). See Guidelines § 4:03, Ex Parte Support and Compensation Orders; id. at § 6:05B, Support Orders. 

[Note 6] The statute and the Guidelines treat an initial request for child support in the District Court (or the Superior Court or the Boston Municipal Court) differently from a request for a custody and support order where there has been a prior custody and support order of the Probate and Family Court. 

 In order to avoid issuing inconsistent orders, "the judge should ask the plaintiff whether there are any outstanding court orders involving the same parties in the same or a different court." Guidelines § 1:11, Plaintiff's Requested Order Will Contradict Existing Probate and Family Court Order. In the event there is a prior support order in the Probate and Family Court, G. L. c. 209A, § 3, provides as follows.

"[A]n order issued in the superior, district or Boston municipal court departments of the trial court pursuant to this chapter may include any relief available pursuant to this chapter including orders for custody or support; provided, however, that upon issuing an order for custody or support, the superior, district or Boston municipal court shall provide a copy of the order to the probate and family court department of the trial court that issued the prior or pending custody or support order immediately; provided further, that such order for custody or support shall be for a fixed period of time, not to exceed [thirty] days; and provided further, that such order may be superseded by a subsequent custody or support order issued by the probate and family court department, which shall retain final jurisdiction over any custody or support order. This section shall not be interpreted to mean that superior, district or Boston municipal court judges are prohibited or discouraged from ordering all other necessary relief or issuing the custody and support provisions of orders pursuant to this chapter for the full duration permitted under subsection (c)." (Emphases added.)

The Guidelines outline the protocol for addressing potential inconsistencies between an outstanding Probate and Family Court custody and support order and a contemplated emergency modification to the custody and support order, which has been expressly permitted since G. L. c. 209A, § 3, was amended in 2014. See St. 2014, c. 260, §§ 12, 13.

"If issuing a c. 209A [o]rder after a hearing after notice that contains provisions inconsistent with an active Probate and Family Court custody, parenting time or support order, the judge should inform the clerk who will enter a specific docket code in the c. 209A case that will trigger an email report to designated recipients of the Administrative Office of the Probate and Family Court. The Probate and Family Court will review the case information to identify the appropriate division of the Probate and Family Court to schedule a hearing on the inconsistent order. That hearing should be scheduled within thirty days as set forth in the statute. G. L. c. 209A, § 3. If the Probate and Family Court issues superseding orders, the Probate and Family Court judge must also amend the c. 209A [o]rder in accordance with Trial Court Administrative Order 21-3."

Guidelines § 1:11 commentary.

[Note 7] This is also true of ex parte motions. See Guidelines § 3:07, Conduct of Ex Parte Hearings. In this case, there was no prior or pending support order at the time of either the ex parte or the extension hearing in the District Court. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.