NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1082

S.N.

vs.

R.N.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, R.N., appeals from a permanent G. L. c. 258E harassment prevention order entered against him in July 2021. The plaintiff, S.N., is the defendant's sister. The defendant claims on appeal that the judge erred by granting a permanent order because the defendant had not violated the prior, one-year order, and because the judge relied on evidence that was not properly authenticated. We affirm.

Discussion. We note at the outset that the defendant cannot challenge the permanent order because he requested the judge to impose it. The judge entered the initial order in July 2020 and the plaintiff moved to extend it in July 2021. At the end of the extension hearing, the judge stated that he intended to extend the order by one year. Unprompted, the defendant asked the judge to make the order permanent. The judge asked

both the plaintiff and the defendant to confirm whether they wanted a permanent order; both parties confirmed the request multiple times. The defendant immediately announced that he intended to appeal but did not say on what grounds. Having requested the order be made permanent, and confirming that request, the defendant cannot change tactics on appeal. See Commonwealth v. Freiberg, 405 Mass. 282, 288 (1989). See also Commonwealth v. Thompson, 382 Mass. 379, 382 (1981) ("we shall not disregard the theory of law on which the parties proceeded at trial").

Even if the defendant's claims were properly before us, they are without merit. Our review of a judge's decision to extend or make permanent a harassment prevention order is limited to whether the judge abused his discretion. See Crenshaw v. Macklin, 430 Mass. 633, 636 (2000) (concerning abuse prevention order under G. L. c. 209A); Yasmin Y. v. Queshon Q., 101 Mass. App. Ct. 252, 257 (2022) (courts may apply same standards under G. L. c. 209A and G. L. c. 258E). Under G. L. c. 258E, a judge may extend a harassment prevention order "for any additional time reasonably necessary to protect the plaintiff," or the judge may enter a permanent order. G. L. c. 258E, § 3 (d); see Crenshaw, supra (grant of permanent order is within judge's discretion). Here, the judge heard testimony from the plaintiff that while the initial order was in effect,

2

the defendant arrived at short notice at their elderly mother's vacation home where he knew the plaintiff was staying, despite the mother having told him to stay away.  The defendant also made repeated telephone calls to the mother at the vacation home, during which he made insulting comments about the mother and the plaintiff.  The plaintiff further testified that the defendant disparaged her repeatedly in e-mails to and conversations with their siblings.  Given this conduct, it was not an abuse of discretion for the judge to conclude that extending the order was necessary to protect the plaintiff from harassment.[1]  See G. L. c. 258E, § 3.  And since both parties requested a permanent order, it was within the judge's discretion to grant one.  See Crenshaw, supra; Lonergan-Gillen v. Gillen, 57 Mass. App. Ct. 746, 750 (2003) (noting permanency of order is theoretical since either party may move to modify it at any time).

---

[1] The defendant claims that our evidentiary rules barred the judge from viewing e-mails on the plaintiff's cell phone between the parties' siblings describing this conduct.  Nothing prevented the judge from relying on the e-mails, however, because "the rules of evidence need not be followed [in abuse prevention proceedings], provided that there is fairness in what evidence is admitted and relied on."  Frizado v. Frizado, 420 Mass. 592, 597-598 (1995).  See V.M. v. R.B., 94 Mass. App. Ct. 522, 526 (2018).

Finally, the defendant's claims relative to the original harassment prevention order are waived because he did not appeal from that order.[2]

Order dated July 28, 2021, affirmed.

By the Court (Meade, Wolohojian & Walsh, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  May 16, 2023.

---

[2] In any event, the defendant's argument on appeal relative to the original order seems to be that he was denied a "factual finding" because of errors in the summons, primarily that the summons indicated that the plaintiff filed the complaint under G. L. c. 209A, not G. L. c. 258E.  During the hearing on that order, however, the judge asked the defendant to confirm that the court clerk had sent him a copy of the complaint by e-mail. The defendant confirmed that he had in fact received the complaint and that it stated that it was a complaint for protection from harassment under G. L. c.  258E.  In this context, the defendant had adequate notice of the nature of the complaint.  Moreover, the defendant filed several motions asking the District Court to vacate, nullify, or reconsider the initial one-year order, all of which were denied.

[3] The panelists are listed in order of seniority.

4