NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-41

A.B.

vs.

J.B.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, A.B., appeals from an order of a judge of the District Court denying her request for a permanent abuse prevention order against her former husband, the defendant, J.B.[1]  See G. L. c. 209A, § 3.  The judge, who recognized that such orders are permitted by statute and presumably understood that it was within her discretion to enter one, refused to consider the option of a permanent order based on her own personal philosophy.  The judge said, "I don't do permanent restraining orders."  The judge had a duty to consider all available options

---

[1] The defendant appeared at various prior hearings during which the abuse prevention order was extended, but he did not appear in court on November 9, 2023, when the plaintiff requested a permanent abuse protection order.  He has not filed a brief or otherwise participated in this appeal.

under the statute, and by disregarding that duty, she erred as a matter of law.[2]  Although the judge extended the abuse prevention order for an additional two years, her error requires us to vacate that order and remand the case to the District Court for further hearing.[3]

Background.  As the judge acknowledged at the hearing, she was familiar with the history of this case.  The plaintiff had been married to the defendant for approximately six years when, on October 31, 2019, the defendant attempted to kill her.  He beat her, suffocated her with a pillow, and then strangled her.  On the following day, while she was in the hospital due to her injuries, the plaintiff obtained an ex-parte abuse prevention order from a different judge.  Thereafter, on November 8, 2019, the judge, whose decision is the subject of this appeal, extended the order for one year until November 9, 2020, and then extended the order for an additional year, until November 9, 2021.  Before that order expired, the plaintiff filed a motion for a permanent abuse prevention order, which this same judge

_____

[2] That the judge offered to arrange for the motion to be heard by a different judge does nothing to mitigate her error.

[3] We acknowledge that an additional adverse consequence of the judge's error is that the plaintiff will be required to return to court for another hearing.  While we recognize the difficulty that has been unnecessarily imposed on the plaintiff, who through counsel informed the judge that the situation was "very stressful," a hearing judge must make findings of fact in the first instance.

denied, instead extending the order through November 9, 2023.[4] The plaintiff renewed her request for a permanent order prior to that date, and at a hearing held on November 9, 2023, the judge denied the request and extended the order to November 5, 2025.[5]

Discussion.  Over two decades ago, in Lonergan-Gillen v. Gillen, 57 Mass. App. Ct. 746, 749 (2003), we held that "it is error to refuse, on the basis of personal preference or philosophy, a request to give consideration to a permanent order permitted by G. L. c. 209A."  That case followed a decision of the Supreme Judicial Court that made clear that a judge has discretion to grant a permanent abuse prevention order.  See Crenshaw v. Macklin, 430 Mass. 633, 633 (2000).  Here, as in that case, the judge appears to have been concerned that a permanent abuse prevention order violates the defendant's right to due process.  We made clear in Lonergan-Gillen, supra at 750, that such concerns are "misplaced."  We repeat that "[t]he due process rights of a defendant in a G. L. c. 209A proceeding are amply protected."  Lonergan-Gillen, supra.  See Commonwealth v.

_____

[4] The docket entry states that "no action [was] taken."

[5] Although the judge stated that she was taking no action on the motion and that the plaintiff could renew the motion on or before November 2025, we conclude that the request for a permanent abuse prevention order was effectively denied, and even though the plaintiff accepted the judge's decision to extend the order for two years, the appeal is properly before us.

3

Dufresne, 489 Mass. 195, 206 (2022).  Furthermore, a permanent abuse prevention order is not truly permanent, as it is always subject to modification under G. L. c. 209A, § 3.

Accordingly, the order denying the plaintiff's request for a permanent order is vacated, and the matter is remanded to the District Court for further hearing before a different judge. The extension of the abuse prevention order shall remain in effect until such time as the matter is reheard.

<u>So ordered</u>.

By the Court (Vuono, Singh & Hershfang, JJ.[6]),

Clerk

Entered:  January 30, 2025.

---

[6] The panelists are listed in order of seniority.

4