NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-179

A.S.

vs.

B.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a hearing, a judge of the District Court extended an abuse prevention order issued pursuant to G. L. c. 209A (209A order) against the defendant, B.S.  The defendant appeals, contending that the judge erred because (1) the plaintiff, A.S., did not prove by a preponderance of the evidence that she was reasonably in fear of an imminent threat of physical harm, and (2) the District Court lacked jurisdiction to issue a custody order due to a pending divorce proceeding in the Probate and Family Court.  We affirm.

1.  Background.  The parties were married on April 28, 2018, and share one child.  On November 13, 2021, the plaintiff applied for and received an emergency 209A order from the on-call judge.  Among other things, the 209A order awarded custody of the parties' child to the plaintiff.  The plaintiff then

appeared in the District Court on November 15, 2021, seeking an extension of the 209A order. The defendant appeared with counsel. After an evidentiary hearing at which both parties testified, a judge extended the 209A order for one year, until November 15, 2022. The defendant did not appeal from that order.

During the evidentiary hearing, the plaintiff testified that she "felt threatened" by the defendant "every time [she] tried to contest his opinion on something" and that during their initial separation, the defendant threatened that the plaintiff "better get the cops involved" if she did not allow him to take their child, which the plaintiff understood to mean "he was going to physically harm [the plaintiff]." She also expressed her belief that the defendant was inappropriate with their child, and that there was an ongoing child sexual abuse investigation related thereto.

On November 19, 2021, the defendant filed a complaint for divorce in the Probate and Family Court. On May 18, 2022, the defendant was arraigned in the District Court on charges of violating the 209A order and failing to surrender a firearm pursuant to the 209A order.

On November 15, 2022, before a different judge, both parties appeared with counsel, and the plaintiff requested a further extension of the 209A order. The hearing proceeded on

2

representations of counsel, although the plaintiff answered several questions asked of her by the judge. The plaintiff's counsel represented that the plaintiff "still [had] a reasonable fear of imminent physical harm" based on the allegations presented in the initial affidavit, including allegations of sexual abuse against the parties' daughter; allegations that the defendant took and sent sexually explicit pictures and videos of the plaintiff without her consent, for which criminal charges were filed; and the criminal charges on which the defendant was arraigned in May 2022. At the hearing, the defendant's counsel represented that following a fair hearing, the Department of Children and Families (DCF) had reversed "the supported allegations of sexual abuse" because "they [were] not made with a reasonable basis for support," and that the charges for violation of a restraining order and failure to surrender a firearm were to be dismissed.

The judge noted that "[t]he standard at this stage of the proceeding is by a fair preponderance of the evidence, [fifty percent] plus one" and extended the 209A order for one year until November 15, 2023. The defendant timely appealed from that order.

2. Extension of the 209A order. The defendant argues that the plaintiff did not meet her burden to establish that she reasonably feared imminent physical harm by the defendant at the

3

time of the extension hearing. "We review the issuance of a c. 209A order for an abuse of discretion or other error of law." Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 787 (2022). "The inquiry at an extension hearing is whether the plaintiff has shown by a preponderance of the evidence that an extension of the order is necessary to protect her from the likelihood of 'abuse' as defined in G. L. c. 209A, § 1." Iamele v. Asselin, 444 Mass. 734, 739 (2005). Under G. L. c. 209A, § 1, the definition of abuse includes "placing another in fear of imminent serious physical harm." The "same statutory definition[s] [apply] in the context of . . . extended . . . orders." Vittone v. Clairmont, 64 Mass. App. Ct. 479, 485 (2005).

As discussed supra, the November 15, 2021 order was based on the plaintiff's affidavit and testimony that the defendant was "verbally and emotionally abusive for most of [their] relationship . . . [and that] [h]is behaviors and emotions can be unpredictable if [she does not] submit to his requests or disagree with him in general so [she] fear[ed] for [her] safety." The plaintiff's counsel represented that "she ha[d] the same fear of imminent physical harm that she had when she moved for the order initially," and that the ongoing civil and criminal litigation related to the parties' relationship contributed to the plaintiff's fear of imminent physical harm.

4

The defendant opposed extension of the 209A order, citing the DCF fair hearing decision and the dismissal of some of the criminal charges. However, that DCF reversed the finding of sexual abuse is not outcome-determinative for purposes of a 209A order. That is because "[i]n evaluating whether a plaintiff has met her burden, a judge must consider the totality of the circumstances of the parties' relationship. . . . The judge is to consider the basis for the initial order . . . [and] [o]ther factors . . . [including] ongoing child custody or other litigation that engenders or is likely to engender hostility." Iamele, 444 Mass. at 740.

Here, the judge properly considered "the totality of conditions that exist[ed] at the time that the plaintiff [sought] the extension," Iamele, 444 Mass. at 740, and, therefore, did not commit an error of law or abuse his discretion in finding that the plaintiff was "in fear of imminent serious physical harm." G. L. c. 209A, § 1. These conditions included the ongoing criminal and divorce cases that could be a source of friction between the parties. See Iamele, supra. Moreover, "[t]he fact that abuse has not occurred during the pendency of an order shall not, in itself, constitute sufficient ground for denying or failing to extend the order." G. L. c. 209A, § 3. See Mitchell v. Mitchell, 62 Mass. App. Ct. 769, 773-774 (2005).

3. Custody order. The defendant next contends that the judge did not have jurisdiction to enter the custody order as part of the extension of the 209A order because a custody order had issued in the ongoing Probate and Family Court case.[1] General Laws c. 209A, § 3, permits "[a] person suffering from abuse from an adult . . . [to] file a complaint in the court requesting protection from such abuse, including, but not limited to . . . awarding the plaintiff temporary custody of a minor child." Where there is a pending action in the Probate and Family Court, "an order issued in the . . . district . . . court department[] of the trial court pursuant to this chapter may include . . . orders for custody . . . ; provided . . . that such order may be superseded by a subsequent custody . . . order issued by the probate and family court department." G. L. c. 209A, § 3 (d).

Here, the defendant contends that there is a Probate and Family Court custody order. Although the Probate and Family

[1] The defendant also argues that the extension of the abuse prevention order as to the child was improper because "the record is insufficient to demonstrate that the child was or remained reasonably in fear of imminent serious physical harm." However, the 209A order in this case was between the plaintiff and the defendant; the complaint was not filed on behalf of the minor child. Where the judge may "award[] the plaintiff temporary custody" as a remedy under G. L. c. 209A, § 3 (d), there is no requirement to show that the child is reasonably in fear of imminent serious physical harm.

Court docket reflects action on motions,[2] it does not reflect the entry of custody orders, and neither party has included such an order in the record appendix. We note that as the appellant, it is the defendant's burden to provide us with a complete record on appeal. See Mass. R. A. P. 18 (a) (1), as appearing in 491 Mass. 1603 (2023). See also Baker v. Gray, 57 Mass. App. Ct. 618, 626-627 & n.5 (2003).

Although G. L. c. 209A, § 3 (d), provides that the Probate and Family Court has final jurisdiction over custody orders, that does not mean "district . . . court judges are prohibited or discouraged from ordering all other necessary relief or issuing the custody . . . provisions of orders pursuant to this chapter for the full duration permitted." Cf. Quilla Q. v. Matt M., 102 Mass. App. Ct. 237, 241-242 (2023) (District Court order for child support pursuant to G. L. c. 209A, § 3 [e], "does not usurp the authority of the Probate and Family Court" and is a "proper exercise of judicial discretion").

The defendant further argues that even if the District Court had jurisdiction to extend the custody order, the judge was required to make factual findings as to the best interests of the child. This argument misses the mark as G. L. c. 209A,

---

[2] At oral argument, the defendant claimed that the July 26, 2022 order on the defendant's amended motion for temporary orders and for appointment of a guardian ad litem was an order regarding custody of the minor child. The record does not reveal that.

7

§ 3 (d), requires such findings in any case brought in the Probate and Family Court, not where the order was issued by a District Court judge. And whether a request for custody is made in the District Court or the Probate and Family Court, the best interests of the child is the touchstone inquiry. See Custody of Vaughn, 422 Mass. 590, 595 (1996). Where, as here, the plaintiff requested custody as part of her application for a 209A order, the judge did not err by extending the custody order, and he was not required to make detailed factual findings.[3]

> Order dated November 15, 2022, extending G. L. c. 209A order, affirmed.
>
> By the Court (Green, CJ., Blake & Henry, JJ.[4]),

Joseph F. Stanton

Clerk

Entered: December 11, 2023.

---

[3] The plaintiff's request for attorney's fees and costs is denied.

[4] The panelists are listed in order of seniority.