NORA MORENO vs. JUAN NARANJO. May 8, 2013. *Abuse Prevention. Moot Question. Practice, Civil,* Moot case.

Nora Moreno appeals from a District Court judgment extending an abuse prevention order, issued pursuant to G. L. c. 209A, for six months rather than a full year, as she had requested. The Appeals Court affirmed the judgment. *Moreno* v. *Naranjo,* 79 Mass. App. Ct. 1117 (2011). We granted Moreno's application for further appellate review. *Moreno* v. *Naranjo,* 460 Mass. 1113 (2011). Because the abuse prevention order has expired, the defendant has not appealed from it, and the plaintiff apparently did not seek to have it extended further in the trial court, we are constrained to dismiss the matter as moot.

Nonetheless, because this case raises an important concern regarding G. L. c. 209A proceedings, we exercise our discretion to address the issue.[1]

Moreno and the defendant, Juan Naranjo, were involved in an intimate relationship for several years and are the parents of a minor child. The relationship was marked by physical abuse, which led to Naranjo's arrest and to the issuance of a G. L. c. 209A order not at issue here. Sometime after that order expired, another assault allegedly occurred, and Naranjo moved out of Massachusetts. A few weeks thereafter, however, Naranjo sent Moreno a cellular telephone text message indicating that he would "see [her] soon." Fearing for her own and her child's safety, Moreno applied for the abuse prevention order at issue here. A judge in the District Court issued an ex parte order prohibiting Naranjo from, among other things, abusing Moreno or having any contact with her or the child. The ex parte order also granted custody of the child to Moreno. At a hearing approximately ten days later before a different judge, Moreno requested that the order be extended by one year. After hearing argument from both parties, the judge declined to extend the order by a full year and instead extended it for six months, over Moreno's objection.

Moreno argues that the judge abused her discretion by extending the order for six months, rather than a full year, because she improperly considered matters that are outside the purview of G. L. c. 209A, namely, the impact that the order would have on Naranjo's visitation with the child. We agree. Although a judge has discretion to extend a G. L. c. 209A order and to set the duration of the extension within the statutory limit, that discretion must be guided by the "time reasonably necessary to protect from abuse the plaintiff or any child in the plaintiff's care or custody."[2] G. L. c. 209A, § 3. See *Iamele* v. *Asselin*, 444 Mass. 734, 739 (2005) ("The inquiry at an extension hearing is whether the plaintiff has shown by a preponderance of the evidence that an extension of the order is necessary to protect her from the likelihood of 'abuse' as defined in G. L. c. 209A, § 1"). As the Appeals Court recognized, nothing in the statute authorizes the judge to limit the duration of an abuse prevention order out of concern for the defendant's visitation rights. The well-established purpose of the statute is to protect victims of domestic violence. See, e.g., *Turner* v. *Lewis*, 434 Mass. 331, 332 (2001), quoting *Commonwealth* v. *Gordon*, 407 Mass. 340, 344 (1990) (G. L. c. 209A "provides 'a statutory mechanism by which victims of family or household abuse can enlist the aid of the [S]tate to prevent further abuse' "). See also *Champagne* v. *Champagne*, 429 Mass. 324, 327 (1999) ("myriad abuse prevention statutes . . . support[] the Commonwealth's public policy against domestic abuse — preservation of the fundamental human right to be protected from the devastating impact of family violence"). The defendant's visitation rights are simply not an appropriate consideration in a G. L. c. 209A extension hearing.

It is abundantly clear from the transcript that concern for Naranjo's ability

---

[1]We acknowledge the amicus brief submitted by the Domestic & Sexual Violence Council, the Foley Hoag Domestic Violence Prevention Project, and HarborCOV.

[2]The Trial Court's guidelines for proceedings under G. L. c. 209A strongly suggest that an order after notice should be for a minimum of one year, unless the plaintiff requests a shorter period or the court finds that a shorter period is warranted, and that orders for shorter periods should not be routinely issued over the plaintiff's objection. Guidelines for Judicial Practice: Abuse Prevention Proceedings § 6.02 & commentary (Sept. 2011).

to visit with the child was the primary reason that the extension was limited to six months, even though the parties agreed that visitation, should Naranjo choose to pursue it, was an issue for the Probate and Family Court. The District Court judge, while agreeing that an extension was warranted in the circumstances, acknowledged her own "hesitancy . . . with regard to the portion that relates to custody of the child and to stay[ing] away from the child." She stated, "I'm inclined to make it for six months unless you want to make some arrangement right now and talk to [the plaintiff] about some sort of visitation. I don't know how long the probate court would get to be able to determine whether or not [the defendant] should have visitation of the child, so making it a year and not knowing how long that would mean, that's one of the reasons I would make it for six months." At no time during the hearing did the judge suggest that an extension of only six months was reasonably necessary *to protect Moreno from further abuse*, or that an extension of a full year was not. This was an abuse of the judge's discretion.

Although we dismiss this appeal as moot, we emphasize the duty of a judge under G. L. c. 209A to extend, where warranted, abuse prevention orders for a time reasonably necessary for the protection of the plaintiff and not to rely on considerations irrelevant to the plaintiff's need for protection.

*Appeal dismissed.*

*Mithra D. Merryman* for the plaintiff.

*Claire Laporte, Rebecca Cazabon, Katie M. Perry, & Cicely Parseghian*, for Domestic & Sexual Violence Council & others, amici curiae, submitted a brief.