The defendant seeks to terminate the permanent abuse prevention order entered against him pursuant to G. L. c. 209A, § 3. Because the defendant failed to prove, by clear and convincing evidence, that, as a result of a significant change in circumstances, no reasonable fear of imminent serious physical harm presently exists, we affirm.
1. Background. On July 23, 2007, the plaintiff was granted a one-year abuse prevention order against the defendant under G. L. c. 209A, § 3. The order was extended at a hearing held one year later, and then made permanent at a second extension hearing one year after that. At both hearings, the plaintiff was present while the defendant failed to appear (despite having notice).
In December, 2015, the defendant moved to vacate the abuse prevention order. At a hearing on January 14, 2016, counsel for the defendant cited several factors in support of vacating the order, including (1) an asserted lack of risk of future abuse absent the order; (2) the defendant's compliance with the order since 2007; (3) the plaintiff's failure to cooperate in the related criminal prosecution; (4) the geographic distance between the parties; and (5) that the defendant had married. The defendant did not produce any affidavit or further evidence in support of his motion.
The plaintiff testified at the hearing that she remained "terrified" of the defendant, particularly after she was advised by Belmont police in August, 2015, that the defendant had attempted to purchase a firearm. She testified that the abuse that precipitated the order "was the most horrific thing that I have ever gone through in my entire life" and that she still, eight years later, "remember[s] every detail vividly."
After the defendant's counsel had argued and the plaintiff had testified, the motion judge asked if the defendant had "[a]nything else." Counsel for the defendant responded, "No." The judge then denied the motion to vacate.
2. Discussion. A defendant moving to vacate a permanent abuse prevention order under G. L. c. 209A, § 3, must show, by clear and convincing evidence that, "as a result of a significant change in circumstances, it is no longer equitable for the order to continue because the protected party no longer has a reasonable fear of imminent serious physical harm." MacDonald v. Caruso, 467 Mass. 382, 382-383 (2014). "A defendant's motion to terminate an order is not a motion to reconsider the entry of a final order, and does not provide an opportunity for a defendant to challenge the underlying basis for the order or to obtain relief from errors correctable on appeal." Id. at 388. The plaintiff bears "no burden at a termination hearing and is entitled to rest on the finality of the order." Id. at 391. Lastly, "the collateral consequences arising from the order are not relevant," as "the only relevant issue is the safety of the plaintiff." Id. at 392, citing Moreno v. Naranjo, 465 Mass. 1001, 1003 (2013).
Accordingly, the defendant's central argument-that the plaintiff failed to show a continued need for the order-is misplaced; the plaintiff had no burden to present any evidence at the termination hearing. See MacDonald, 467 Mass. at 391. Instead, the burden of proof rested solely on the defendant. See ibid. Similarly, any hardship suffered by the defendant as a consequence of the order-including the denial of military clearance and a firearm permit-is similarly irrelevant. See Iamele v. Asselin, 444 Mass. 734, 739 (2005) ; Moreno, 465 Mass. at 1002 ; MacDonald, supra at 392.
Rather, we consider only whether the motion judge abused his discretion in finding that the defendant failed to prove, by clear and convincing evidence, (1) "a significant change in circumstances since the order was issued"; and (2) in the "totality of the circumstances, the plaintiff, without the protection of an order of abuse prevention, would no longer reasonably fear imminent serious physical harm from the defendant." MacDonald, 467 Mass. at 390-391.[2] As in MacDonald, the defendant's move across the country and his marriage to another woman may qualify as significant changes of circumstances. Id. at 392-393. Nonetheless, as in MacDonald, the defendant presented no affidavit, criminal or civil records, or any other evidence to prove the absence of further domestic abuse, arrests, convictions, or other restraining orders. Id. at 393 ("To prove that he had truly 'moved on with his life,' the defendant ... needed to demonstrate not only that he has moved on to another relationship but also that he has 'moved on' from his history of domestic abuse and retaliation").[3] Accordingly, MacDonald is controlling, and the motion judge acted within his discretion in finding that the defendant failed to meet his burden.
Finally, contrary to the defendant's assertion, the motion judge held an evidentiary hearing on the defendant's motion to vacate and took sworn testimony from the plaintiff. Despite the motion judge's repeated inquiries whether defense counsel had anything else to present, the defendant chose not to present any evidence or to request to cross-examine the plaintiff. Having elected not to present evidence, just as the defendant elected not to appear at the two extension hearings, the defendant cannot now complain that the judge did not hear his evidence.
Order denying motion to terminate abuse prevention order affirmed.

Neither the passage of time nor a defendant's compliance with an order constitutes a significant change in circumstances for these purposes. MacDonald, 467 Mass. at 388-389. Accord Vittone v. Clairmont, 64 Mass. App. Ct. 479, 489 (2005) ; Great Woods, Inc. v. Clemmey, 89 Mass. App. Ct. 788, 794 (2016).

Similarly, as in MacDonald, this is not a case in which the abuse occurred "when their paths crossed," such that the move's elimination of the possibility of chance encounters is a significant factor. 467 Mass. at 392.