NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

23-P-200                                        Appeals Court

CALLIOPE C.  vs.  YANNI Y.[1]


No. 23-P-200.

Middlesex.     December 1, 2023. - February 9, 2024.

Present:  Wolohojian, Milkey, & D'Angelo, JJ.


Abuse Prevention.  Protective Order.



Complaint for protection from abuse filed in the Framingham
Division of the District Court Department on November 1, 2022.

A hearing on the complaint for protection was had before
David W. Cunis, J.


Melissa Levine-Piro (Amanda Castro also present) for the
plaintiff.


D'ANGELO, J.  A District Court judge declined to issue a

G. L. c. 209A abuse prevention order (209A order) against the

defendant.  The plaintiff appeals from the judge's order and

argues that the judge erred by applying the wrong legal standard

and by incorporating irrelevant considerations into his

_____

[1] The parties' names are pseudonyms.

analysis.  On January 12, 2024, we issued an order reversing the judge's order denying the plaintiff a 209A order against the defendant and remanding for further proceedings.  This opinion states the reasons for that order.

Background.  On November 1, 2022, the plaintiff applied for an ex parte abuse prevention order against her ex-boyfriend[2] pursuant to G. L. c. 209A.  The plaintiff's affidavit asserted that the following events occurred.  The defendant sent her threatening messages via Instagram.  She responded by telling the defendant to leave her and her family alone.  The defendant then stated that he was on his way to the plaintiff's house and that he would see the plaintiff in fifteen minutes.  He started calling the plaintiff repeatedly and sent her additional threatening messages.  The plaintiff's affidavit also asserted that the defendant "had a history of physically and emotionally abusing [her]" while they were dating.  The judge granted the ex parte 209A order and scheduled a two-party evidentiary hearing for November 16, 2022.

---

[2] At a subsequent hearing, both parties testified that they were previously in a dating relationship, which, if the relationship was substantive, is one circumstance in which a judge may issue an abuse prevention order.  See G. L. c. 209A, § 1.  The defendant, moreover, did not argue at the hearing that the parties were not in a substantive dating relationship.  He did not file an appellate brief in this matter.

Both parties appeared with counsel for a hearing on whether a 209A order should be issued against the defendant. The plaintiff testified that she and the defendant dated from June of 2017 to June of 2020. She stated that, during their relationship, the defendant had committed several acts of violence towards her, including striking her in the face and destroying her cell phone in front of her, and that the defendant had verbally threatened her on multiple occasions. The plaintiff also stated that, after the parties ended their relationship in 2020, they had no interaction for more than a year.

On November 1, 2022, after having no contact for over a year, the defendant sent a direct message to the plaintiff via Instagram.[3] In response to the message, the plaintiff wrote the defendant, "[P]lease don't contact me or my family from this point forward." After other messages from the defendant, the plaintiff responded, "Leave me and my family alone," and, "Stop victimizing me with the past. I'm not yours to hurt anymore. My family and I have moved on it's time for you to as well." Ignoring these requests, the defendant replied, "See you in 15 if your [sic] home." He then proceeded to place eleven telephone calls to the plaintiff over the next twenty minutes,

_____

[3] Copies of the following messages between the parties were introduced in evidence.

none of which the plaintiff answered.  The defendant warned the plaintiff in a direct message, "Don't play games with me[.]  I will absolutely dismantle anything and everything does that make sense?  Are you registering everything I'm saying."  After receiving the multiple telephone calls, but without answering them, the plaintiff called 911 and a police officer was sent to the plaintiff's house to check on her parents.

In his testimony, the defendant did not contest any of the historical facts testified to by the plaintiff, except he said that the plaintiff had struck him in the past during their relationship.  As to the events of November 1, the defendant claimed that he had not intended to threaten the plaintiff and that he "was drunk and not thinking straight" on the day he contacted her.  The defendant thought he had probably been drinking since the morning.  He also testified that he had no intent to hurt the plaintiff in the future.

After hearing all the evidence and viewing pictures of the defendant's messages and the plaintiff's responses, the judge engaged in a discussion with counsel.  Although the judge found the defendant's statement that he would "dismantle everything" "a little cryptic," he agreed that "it certainly could be taken as a threat.  I have no doubt about that."  The judge also found that the plaintiff testified "credibly to this history of abuse."  The judge added that the plaintiff's fear was "quite

palpable. I can see it on her face and in her testimony. She testifie[d] credibly." In spite of these findings, the judge expressed concern about the effect a 209A order would have on the defendant, commenting as follows:

> "Sometimes we have to look at it as has the lesson been learned by the fact that he's for the first time in his life in a courtroom, you know, with the prospect of having a restraining order placed upon him which will go on to the statewide registry for the rest of his life and it will show up on every -- every CORI check that is done on him."

He later explained, "If [the defendant] had some criminal history of a long record of violence or of any type of misbehavior, I think I'd . . . be far more concerned about it. But I don't really see it."

The plaintiff's counsel argued that the plaintiff's fear was reasonable given the defendant's history of violence, his ongoing alcohol abuse, the repeated telephone calls he made to the plaintiff, the fact that he ignored the plaintiff's multiple requests to leave her alone, the threats he made against her, and the fact that he said he was on the way to her house. The defendant's counsel did not contest any of the facts but asserted that the defendant should be given one final chance, and that if the defendant contacted the plaintiff one more time, she could "come back here and apply again and get it right away." He stated, "[T]his kid's got a future. He's a graduate of college."

The judge denied the plaintiff's request for a 209A order and vacated the original ex parte 209A order.

Discussion.  We review a judge's decision on a 209A order "for an abuse of discretion or other error of law."  Vanna V. v. Tanner T., 102 Mass. App. Ct. 549, 552 (2023).  "[W]e will not substitute our judgment for that of the trier of fact.  We do, however, scrutinize without deference the propriety of the legal criteria employed by the trial judge and the manner in which those criteria were applied to the facts."  (Citation omitted.) Commonwealth v. Boucher, 438 Mass. 274, 276 (2002).

To obtain a 209A order, a plaintiff must prove by a preponderance of the evidence that an order is "necessary to protect her from the likelihood of abuse" (quotation and citation omitted).  Iamele v. Asselin, 444 Mass. 734, 739 (2005).  The plaintiff can meet this burden by establishing (1) that she is in fear of "imminent serious physical harm" and (2) that her fear is reasonable.[4]  Id. at 739-740.  Accord G. L. c. 209A, § 1.  When determining whether the plaintiff has satisfied the evidentiary burden, the judge must consider "the

_____

[4] The plaintiff also testified that she had suffered physical abuse from the defendant, which could provide alternative grounds for an abuse prevention order under G. L. c. 209A, § 1.  Because the judge and the parties at the hearing focused on the defendant's threats toward the plaintiff, we do so here as well.  Vanna V., 102 Mass. App. Ct. at 552 n.2.

totality of the conditions that exist at the time that the plaintiff seeks the [order]." Iamele, supra at 741.

Here, the plaintiff testified that, based on the parties' history, the messages the defendant sent her on November 1 put her in fear. After hearing the evidence and observing the plaintiff's demeanor in court, the judge characterized her fear as "palpable" and found that she "testifie[d] credibly." He also found that one of the defendant's messages "certainly could be taken as a threat. I have no doubt about that." We understand the judge's statement that he had "no doubt" that the defendant's message "could be taken as a threat" to mean that he agreed that the plaintiff's fearful reaction was a reasonable one. Additionally, since the defendant discussed going to the plaintiff's house in "15," there can be no doubt that the fear was of imminent serious harm.

The plaintiff provided sufficient evidence, which the judged credited, to sustain her burden of proving that a 209A order was necessary to protect her from abuse. The judge, however, improperly considered additional extraneous factors in deciding whether to issue the 209A order. See Moreno v. Naranjo, 465 Mass. 1001, 1003 (2013) (concluding that judge abused his discretion when he relied on effect 209A order would have on defendant). The judge referred to the lifelong adverse consequences to the defendant of being subject to a 209A order,

including the fact that the order would appear in any future background checks of the defendant. The effect a 209A order has on a defendant is not relevant to a judge's assessment of whether to issue a 209A order. The judge also suggested that the serious process of going into court and testifying before a judge should cause the defendant to learn his lesson and leave the plaintiff alone. These considerations were not relevant to whether the plaintiff established that she had a "reasonable fear of imminent serious physical harm," Iamele, 444 Mass. at 736, and should not have been considered by the judge in deciding whether to issue the 209A order.

Because we conclude that the judge abused his discretion in declining to issue the 209A order and we seek to put the plaintiff in the position she would have been in had the judge properly applied the law and issued the 209A order, we issued an order on January 12, 2024, reversing the District Court judge's order denying the plaintiff's request for a 209A order against the defendant and remanding for further proceedings. On remand, a two-party hearing on the issuance of a 209A order shall be scheduled within thirty days of the issuance of the rescript. The issuance of a new 209A order shall be dependent upon the plaintiff's demonstrating a continued need for the order. See Mitchell v. Mitchell, 62 Mass. App. Ct. 769, 782 (2005). In addition, we directed that a judge of the District Court

promptly issue an ex parte 209A order against the defendant on behalf of the plaintiff until the two-party hearing is held.