NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

23-P-470                                        Appeals Court


LATOYA L.  vs.  KAI K.[1]


No. 23-P-470.

Worcester.     January 8, 2024. - May 14, 2024.

Present:  Vuono, Wolohojian, & Toone, JJ.[2]


Abuse Prevention.  Protective Order.



Complaint for protection from abuse filed in the East
Brookfield Division of the District Court Department on December
6, 2017.

A hearing to extend the abuse prevention order was had
before Timothy M. Bibaud, J., on May 11, 2022, and a motion for
reconsideration was heard by him.


Christina Paradiso for the plaintiff.
Karen J. Wayne for the defendant.

_____

[1] The parties' names are pseudonyms.

[2] Justice Wolohojian participated in the deliberation on
this case and authored this opinion while an Associate Justice
of this court, prior to her appointment as an Associate Justice
of the Supreme Judicial Court.

WOLOHOJIAN, J.  The plaintiff appeals from the denial of her request to further extend a G. L. c. 209A abuse prevention order against the defendant.  She argues first that, because she had previously suffered physical and sexual abuse by the defendant, it was error for the judge to require that she prove a risk of further imminent physical harm.  Second, she argues that the judge erroneously relied on extraneous factors (a pending Probate and Family Court case) to deny the extension. We agree with the first argument, and reverse.

Background.  On December 6, 2017, the plaintiff applied for an ex parte restraining order against her then husband, pursuant to G. L. c. 209A, § 3.  She alleged that the defendant had on various occasions caused, and attempted to cause, her physical harm, and forced her to engage in sexual relations by force, threats, and duress.  A District Court judge granted the ex parte order.  Over the next four years, the plaintiff sought repeated extensions of the c. 209A order.  Those requests were granted by several different judges, each time after hearing. The defendant was present at most, but not all, of these extension hearings.

On October 27, 2021, after a hearing at which the plaintiff was present but the defendant was not, a different District Court judge extended the c. 209A order for approximately six weeks to December 1, 2021.  That same judge again extended the

order for another six weeks to January 19, 2022, after a hearing at which both parties were present.

On January 19, 2022, the parties again appeared before the same judge.  The plaintiff appeared pro se; the defendant was represented by counsel.  On direct examination, the plaintiff testified to the following.  The original ex parte order was granted after the plaintiff had been assaulted by the defendant while asleep in bed next to their child.  On the morning of the assault, the plaintiff awoke to the defendant violently attacking her and forcing her to engage in sexual relations.  The defendant "held [her] so tight that [she] had a thumb print in [her] wrist.  He yanked at [her] pants so tight that [she] had bruises on the back of [her] leg.  He just kept yanking it and yanking it."  The couple's child was asleep in bed during the assault.  Subsequently, the Department of Children and Families deemed the defendant "guilty" of abuse and neglect of the child as a result of the assault.  At the time of the January 19, 2022 hearing, the plaintiff was still receiving treatment for the injuries she sustained, and she remained in fear of the defendant.

The plaintiff also testified that the defendant's violations of the c. 209A order had resulted in his being ordered to wear a global positioning system bracelet, and to being confined at home except when at work, medical visits, or

supervised visits with the child. She further testified that she had recently learned that the defendant had improperly accessed her medical records, as well as those of their child, through his work at a medical school, where she also worked. In response to a question from the judge, the plaintiff stated that she remained in fear of the defendant because he "is monitoring my address and contact information."

The defendant's counsel attempted to cross-examine the plaintiff on the topic of an ongoing Probate and Family Court custody proceeding pending between the parties. The judge interrupted that line of cross-examination, stating that he did not consider the propriety of the Probate and Family Court orders to be before him. Instead, the judge stated that he was "going to try to make the determination if she's at risk of imminent harm." After further cross-examination by the defendant's counsel into matters from earlier years, the judge stated that he wished to focus on what "is happening today," and further emphasized that he wanted to focus on whether there had been some recent event that put the plaintiff at risk of imminent harm:

> "[Is she] at risk of imminent harm? Quite frankly, we could be here probably until tomorrow rehashing everything that's gone on between these two. And it's crystal clear to me that these two -- this is a horribly, nasty situation; horribly nasty.

"And I think we're looking for me to kind of cure something that, quite frankly, cannot be cured, not by this guy.[3]

"So at some point, maybe you two have to think about this little child that's involved.  It just seems like there's a lot of energy, a lot of time, a lot of angst towards each other where -- I'm not sure either one of you can -- can get away from each other and -- it's just a toxic, toxic situation.  That's what I see.

"So I don't want to go back to 2017, '18.  It's clear that this is a fraction -- an absolutely dysfunctional situation right now.  And what I'm trying to do is come up with something so that the probate court can do their job, she can feel safe, and so that everybody can go forward.  That's what my goal is.  I'm not sure I'm going to be able to get to that point if we just keep going back on stuff three, four or five years ago.

"That's where I stand.  So I'm just looking for something now, now.  That's what I'm looking for."

Cross-examination then continued, and the plaintiff testified that she had consistently and repeatedly returned to court over the previous four years in order to have the restraining order extended because "I've been in fear and still am in fear."

The judge extended the order to May 11, 2022.  He picked that date because it was after the parties' next Probate and Family Court hearing.  The judge stated that "quite frankly, if nothing's changed, my mindset is to terminate this if there's nothing else going on."

The parties next appeared before the same judge as scheduled on May 11, 2022.  Both parties were represented.  The

---

[3] We read "this guy" to be a reference to the judge himself, not a reference to the defendant.

plaintiff testified that she remained in fear of the defendant given the history of assault. She added that she had sustained injuries requiring surgical intervention and continuing therapy. She also testified that the defendant had been criminally charged as a result of his attempt to access her medical information through his workplace, and that a guardian ad litem was investigating domestic violence in the context of the Probate and Family Court case.[4]

On the other hand, the defendant's counsel reminded the judge of his comments in the prior hearing that he would be "inclined to dismiss this restraining order if nothing new had happened between January and now." Counsel asserted that nothing new had occurred since the previous hearing, and disputed the veracity of the charges mentioned by the plaintiff. Counsel stressed "that absolutely nothing has happened in the last four months."

The judge again expressed interest in the Probate and Family Court proceedings, and the defendant's counsel informed the judge that the case remained in status quo as the guardian ad litem had not yet completed the investigation necessary to provide a recommendation regarding whether the defendant could

---

[4] The plaintiff has represented in her brief that the defendant was arraigned in the Worcester Division of the District Court for a violation of unauthorized accessing of computer systems (G. L. c. 266, § 120F).

have increased parenting time. The defendant's counsel asked that the order be terminated.

The plaintiff's counsel argued that in cases where there had been a prior sexual assault, the judge need not find an imminent threat of further harm. Rather, the judge need only find that the plaintiff continued to suffer the harmful effects of the previous assault. The plaintiff's counsel also argued that the plaintiff's entitlement or need for an extension of the order should not depend on developments in the Probate and Family Court. The plaintiff's counsel noted that tensions between the parties were high because the custody case was still ongoing, and the defendant had recently been ordered to stay away from his workplace. Counsel asked that the order be extended for a year, if not permanently.

Ultimately, on May 11, 2022, the judge denied the plaintiff's request for the extension and vacated the original ex parte order. On November 2, 2022, the judge also denied the plaintiff's subsequent motion for reconsideration. This appeal of those two orders followed.

Discussion. We review the extension of a c. 209A order "for an abuse of discretion or other error of law." Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022), quoting E.C.O. v. Compton, 464 Mass. 558, 562 (2013). "[W]e will not substitute our judgment for that of the trier of fact. We do,

however, scrutinize without deference the propriety of the legal criteria employed by the trial judge and the manner in which those criteria were applied to the facts" (citation omitted). Commonwealth v. Boucher, 438 Mass. 274, 276 (2002). The plaintiff's arguments in this case raise errors of law and we accordingly review them de novo.

The plaintiff argues that where, as here, a plaintiff has suffered physical abuse or forced sexual relations in the past, she is not required to prove a reasonable fear of further imminent future physical abuse, but that the judge erroneously imposed such a burden here. As we have set out above, the judge repeatedly made statements suggesting that he was looking for evidence of something "new" in order to extend the order. And the judge signaled that, absent some new development, he was inclined to terminate the order. These comments reflect an incorrect understanding of the law.

> "The inquiry at an extension hearing is whether the plaintiff has shown by a preponderance of the evidence that an extension of the order is necessary to protect the plaintiff from the likelihood of abuse. No new incident of abuse is required for extending the order. G. L. c. 209A, § 3 ('The fact that abuse has not occurred during the pendency of an order shall not, in itself, constitute sufficient ground for denying or failing to extend the order, or allowing an order to expire or be vacated, or for refusing to issue a new order'). Where the initial order was issued on the basis that the plaintiff has a reasonable fear of imminent serious physical harm, the inquiry is whether the plaintiff continues to have a reasonable fear of imminent physical harm. Callahan v. Callahan, 85

Mass. App. Ct. 369, 374 (2014).  However, if there was
attempted or actual physical abuse or involuntary
sexual relations, 'the abuse is the physical harm
caused, and a judge may reasonably conclude that there
is a continued need for the order because the damage
resulting from that physical harm affects the victim
even when further physical attack is not reasonably
imminent.'  Callahan, 85 Mass. App. Ct. at 374.  In
fact, 'abuse occasioned by physical harm may cause
wounds that produce long-lasting fear in the victim
without new incitements.'  Id. at 377.  See also
McIsaac v. Porter, 90 Mass. App. Ct. 730, 733-35
(2016) ('the infliction of some wounds may be so
traumatic that the passage of time alone does not
mitigate the victim's fear of the perpetrator')."

Guidelines for Judicial Practice:  Abuse Prevention Proceedings[5]

§ 6:08 (Oct. 2021) (Guidelines).  See Yasmin Y. v. Queshon Q.,

101 Mass. App. Ct. 252, 257 (2022); Yahna Y. v. Sylvester S., 97

Mass. App. Ct. 184, 187 (2020); McIsaac, 90 Mass. App. Ct. at

733-734.

The facts underlying the initial order after a two-party

hearing were not open to relitigation.  See Yasmin Y., 101 Mass.

App. Ct. at 258.  Thus, as the case stood before the judge, he

was required to accept the previous judges' determinations that

the plaintiff had been the victim of physical and sexual abuse

in the past.  Accordingly, the question was not whether there

had been more recent episodes indicating that the plaintiff was

---

[5] Executive Office of the Trial Court, Guidelines for
Judicial Practice:  Abuse Prevention Proceedings (updated Oct.
2021), https://www.mass.gov/doc/guidelines-for-judicial-
practice-abuse-prevention-proceedings/download
[https://perma.cc/E9SP-X8K5].

at risk of further imminent physical harm, or that she reasonably feared so.  Instead, the only question for the judge was whether there was a continued need for the order to address the prior abuse -- a matter on which he made no finding and one the record does not reflect he focused on.

The plaintiff also argues that the judge improperly based his decision on whether to extend the order on developments in the Probate and Family Court custody proceeding.  Although it is true that the judge timed the length of the January 19, 2022 extension order to the timing of a scheduled event in the Probate and Family Court case, and that he expressed continuing interest in the Probate and Family Court case at the subsequent May 11, 2022 hearing, the record does not reflect that the judge based his May 11, 2022 decision on anything related to the Probate and Family Court case.  And, even were we to assume that the judge should not have timed the length of the January 19, 2022 extension order to events in the Probate and Family Court case, see Moreno v. Naranjo, 465 Mass. 1001, 1002-1003 (2013); Guidelines § 6:02 commentary, the plaintiff has not articulated -- let alone shown -- any harm from that decision; indeed, the plaintiff received an extension of the order on that occasion. Finally, we note that this appeal does not stem from the January 19, 2022 order.

Conclusion.  Because we conclude that the judge appears to have imposed on the plaintiff an incorrect burden to prove new episodes of abuse to establish a risk of further imminent physical harm, we put the plaintiff in the position in which she would have been had the judge properly applied the law.  See Calliope C. v. Yanni Y., 103 Mass. App. Ct. 722, 726 (2024).  We accordingly reverse the May 11, 2022 order and direct that the District Court promptly issue an order extending the c. 209A order until such time as the court, on remand, schedules an extension hearing.  The issuance of a new extension order shall depend on the plaintiff's demonstrating a continued need for the order.  Id.

So ordered.