NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1457

C.N.

vs.

R.A.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, R.A., appeals from a District Court judge's denial of his motion to terminate an abuse prevention order issued pursuant to G. L. c. 209A (209A order). Discerning no error, we affirm.

Background. On December 3, 2022, the police responded to a domestic incident involving the defendant and C.N. (plaintiff), and the police arrested the defendant. Two days later, the defendant was charged with assault and battery on a family or household member, in violation of G. L. c. 265, § 13M (a). On June 6, 2023, the plaintiff applied for and obtained the 209A order against the defendant. In the affidavit supporting her application, she stated the defendant had attacked her multiple

times and threatened her life, and that she was frightened of the defendant. After a bench trial in the District Court on October 18, 2023, a judge found the defendant not guilty of assault and battery on a family or household member. The defendant then moved to terminate the 209A order. Following a hearing on November 13, 2023, a different judge denied that motion.

Discussion. As it contains only a single paragraph of "argument" and does not cite to any authorities to support his argument or provide the standard of review for the issue presented, the defendant's brief does not the meet the requirements of Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019). Nevertheless, we address his argument briefly.

Although the 209A order issued against the defendant expired on June 5, 2024, the appeal before us is not moot. "The defendant 'could be adversely affected by [the orders] in the event of future applications for an order under G. L. c. 209A . . . [and] has a surviving interest in establishing that the orders were not lawfully issued, thereby, to a limited extent, removing a stigma from his name and record.'" Smith v. Jones, 67 Mass. App. Ct. 129, 133 (2006), quoting Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 638 (1998). We review the denial of a

2

defendant's motion to terminate a 209A order for abuse of discretion.  L.L. v. M.M., 95 Mass. App. Ct. 18, 22 (2019).

The defendant argues that it was error to deny his motion to terminate because he was acquitted of the assault and battery charge.  When a defendant moves to terminate an abuse prevention order, he "must show by clear and convincing evidence that, as a result of a significant change in circumstances, it is no longer equitable for the order to continue because the protected party no longer has a reasonable fear of imminent serious physical harm."  MacDonald v. Caruso, 467 Mass. 382, 382-383 (2014).  "[T]he only relevant issue is the safety of the plaintiff."  Id. at 392, citing Moreno v. Naranjo, 465 Mass. 1001, 1003 (2013).  The defendant does not explain how the finding in his criminal trial relates to the issue of the plaintiff's safety.  An acquittal of assault and battery on a family or household member may be explained by numerous reasons unrelated to the truth of a complainant's allegations of abuse or fear of imminent serious physical harm.  In addition, the defendant has not provided a transcript of the hearing on his motion to terminate, and

3

nothing in the record before us shows that the judge abused his discretion in denying it.

Order denying motion to
    terminate abuse prevention
    order affirmed.

By the Court (Neyman, Singh &
    Toone, JJ.[1]),

*Paul Little*

Clerk

Entered:   November 7, 2024.

---

[1] The panelists are listed in order of seniority.