NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-709

J.H.

vs.

N.F.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order of a District Court judge extending a harassment prevention order issued pursuant to G. L. c. 258E (258E order or order) for ten years.[1]  He argues that (1) the original order should be vacated, (2) the judge abused his discretion in extending the order, and (3) he was not given a meaningful opportunity to be heard.  We affirm the

_____

[1] The plaintiff filed a complaint for protection from harassment on January 9, 2020.  After a hearing, a judge issued an ex parte 258E order.  After being served with the order, the defendant failed to appear for the extension hearing, and it was extended until January 22, 2021.  The defendant was again served in hand with the extended order.  An extension hearing was held by videoconference on January 22, 2021, at which the defendant did not appear, and the order was extended until January 20, 2023.  The defendant was served in hand with the extended order.

extension of the 258E order but vacate so much of the order that extended it for ten years.  We remand the case to the District Court to revise the extension period from ten years to two years from January 20, 2023, and to schedule a further hearing for January 20, 2025, with notice to both parties.

Discussion.  1.  Original 258E order.  The defendant first argues that the original 258E order was improperly issued and should be vacated because the plaintiff did not offer evidence of three separate acts of harassment.  See G. L. c. 258E, § 1.  However, because the defendant did not appeal from the issuance of the original 258E order, that issue is not before us, and we decline to address it.  See Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.2 (2006).

2.  258E extension order.  The defendant next claims that the judge abused his discretion in both extending the order and issuing it for ten years.

a.  Allowance of extension.  At an extension hearing, the defendant is not permitted to challenge the evidence underlying the original order, and the plaintiff is not required to reestablish the facts sufficient to support the initial order.  See Iamele v. Asselin, 444 Mass. 734, 740 (2005).  However, the plaintiff must establish a continuing need for the order to protect him from further harassment.  See id. at 739.  "It is the totality of the conditions that exist at the time that the

plaintiff seeks the extension, viewed in light of the initial [258E order], that govern." Id. at 741. We give the judge's credibility determinations "the utmost deference" (citation omitted). Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020).

Here, the judge considered both the plaintiff's original affidavit and the supplemental affidavit filed the day of the extension hearing. The judge heard testimony from both parties, including that the defendant made telephone calls and sent "notes" to staff at the plaintiff's place of work while the order was in effect.[2] The judge credited the plaintiff's testimony including that he was still in fear of the defendant. In addition, during the defendant's testimony, the defendant lost his temper and swore at the judge. The judge properly considered, among other factors, the evidence underlying the initial order and "the parties' demeanor in court." Yasmin Y. v. Queshon Q., 101 Mass. App. Ct. 252, 258 (2022), quoting Iamele, 444 Mass. at 740. See Pike v. Maguire, 47 Mass. App. Ct. 929, 930 (1999) (proper to consider defendant's agitated

---

[2] The defendant's contention that the lack of direct contact between the parties in the three years since the issuance of the original order is evidence that the plaintiff was not in need of continuing protection is unavailing, as "obedience alone is not a ground for refusing an extension of the initial order." Iamele, 444 Mass. at 738. Defendants subject to 258E orders are expected to comply with them. See MacDonald v. Caruso, 467 Mass. 382, 388-389 (2014).

3

conduct and emotionally charged statements at hearing).  We discern no "clear error of judgment in weighing the factors relevant to the decision" (quotations and citations omitted), L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014), and conclude that the judge did not abuse his discretion in extending the order.

b.  Duration of order.  Once a determination to extend a 258E order is made, the duration of the extended order must be "reasonably necessary to protect the plaintiff" from future harassment.  G. L. c. 258E, § 3 (d).  See Iamele, 444 Mass. at 737-738.  Here, the judge did not make findings as to why an extension of ten years was necessary, and the plaintiff's testimony did not support such a duration.  On this record, we cannot conclude that ten years is a reasonably necessary period to protect the plaintiff from further harassment.  Cf. Moreno v. Naranjo, 465 Mass. 1001, 1003 (2013).  Accordingly, we vacate so much of the order that extended it for ten years, and remand to the District Court to revise the expiration date to two years from January 20, 2023 (the last extension date).

3.  Extension hearing.  The defendant next argues that he was deprived of a meaningful opportunity to be heard because he was not able to cross-examine the plaintiff or offer evidence,

4

and because he participated in the hearing remotely.[3]  An extension hearing must comport with the requirements of due process.  See R.S. v. A.P.B., 95 Mass. App. Ct. 372, 373 n.4 (2019).  This includes a meaningful opportunity to be heard, the right to testify, the right to present evidence, and the right to cross-examine witnesses.  See Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 788 (2022).  We review for an abuse of discretion or other error of law.  See Vera V. v. Seymour S., 98 Mass. App. Ct. 315, 318 (2020).

Here, the judge told the defendant that he would have an opportunity to present arguments and question the plaintiff. Indeed, there is ample evidence in the record that the defendant was afforded considerable time to present his case; however, the defendant voluntarily left the hearing prior to its conclusion and before questioning the plaintiff.  It was the defendant's own actions that prevented him from cross-examining the plaintiff, and not a lack of fair hearing.  There was no error.

Conclusion.  We vacate so much of the January 20, 2023 extension order that granted a ten-year duration for the

---

[3] As to his remote participation, the defendant argues that appearing over videoconference while the plaintiff appeared in person created a "fundamental asymmetry" in the proceeding. While the defendant claimed the clerk's office informed him that the hearing would be held by videoconference, the notice that he was served in hand with indicated that the hearing was in person at the District Court.  Notwithstanding, the transcript reflects that the defendant testified at length at the hearing.

extension, and remand the case to the District Court to revise the expiration date to two years from January 20, 2023, and to schedule a further hearing for January 20, 2025, with notice to both parties.  The January 20, 2023 extension order is otherwise affirmed.

<u>So ordered</u>.

By the Court (Blake, C.J., Ditkoff & D'Angelo, JJ.[4]),

*Paul Little*

Clerk

Entered:  November 20, 2024.

---

[4] The panelists are listed in order of seniority.