NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-384

D.C.

vs.

P.N.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from an order of a judge of the District Court denying her request to further extend a G. L. c. 209A abuse prevention order (209A order) against the defendant. She argues first that the judge abused her discretion by applying an incorrect legal standard at the extension hearing. Second, she argues the judge improperly predicated her decision on a personal philosophy against permanent 209A orders. Because we agree with the plaintiff's first argument, we issued an order on February 19, 2025, reversing the judge's termination order, reinstating the 209A order, and remanding for further proceedings. This memorandum and order states the reasons for our prior order.

Discussion. The facts and circumstances pertaining to the extension hearing are well known to the parties and will be repeated here only as necessary.

"We review the extension of a c. 209A order 'for an abuse of discretion or other error of law.'" Latoya L. v. Kai K., 104 Mass. App. Ct. 173, 177 (2024), quoting Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022). "[W]e will not substitute our judgment for that of the trier of fact. We do, however, scrutinize without deference the propriety of the legal criteria employed by the trial judge and the manner in which those criteria were applied to the facts." Calliope C. v. Yanni Y., 103 Mass. App. Ct. 722, 725 (2024), quoting Commonwealth v. Boucher, 438 Mass. 274, 276 (2002).

1. Incorrect standard. The plaintiff first argues that the judge applied the incorrect standard in determining whether to extend the 209A order. The inquiry at a c. 209A extension hearing is "whether the plaintiff has shown by a preponderance of the evidence that an extension of the order is necessary to protect her from the likelihood of 'abuse' as defined in G. L. c. 209A, § 1." Vera V. v. Seymour S., 98 Mass. App. Ct. 315, 317 (2020), quoting Iamele v. Asselin, 444 Mass. 734, 739 (2005). See also Rauseo v. Rauseo, 50 Mass. App. Ct. 911, 913 (2001) ("At a hearing on the plaintiff's request for an extension of an order . . . the plaintiff is not required to re-

2

establish facts sufficient to support that initial grant of an abuse prevention order").  If a plaintiff seeks an order based on having been subject to physical harm, as is the case here, the "'abuse' is the physical harm caused, and a judge may reasonably conclude that there is a continued need for the order because the damage resulting from that physical harm affects the victim even when further physical attack is not reasonably imminent."  Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014).  See Latoya L., 104 Mass. App. Ct. at 178 ("the only question for the judge was whether there was a continued need for the order to address the prior abuse" where plaintiff was victim of physical and sexual abuse).

Here, the plaintiff obtained the initial ex parte order based on her affidavits alleging that the defendant strangled her in January 2020, which he pleaded guilty to,[1] and that the defendant had also physically and sexually abused the plaintiff in the past.[2]  There is no indication from the transcript of the extension hearing at issue that the judge considered whether the plaintiff met her burden of establishing a continued need for

---

[1] At the hearing, defendant's counsel confirmed that the defendant pleaded guilty to strangling the plaintiff.

[2] The plaintiff obtained the initial order in March 2023. It was extended four times before the hearing at issue which occurred on January 31, 2024.

3

the order based on this prior physical and sexual abuse before the judge agreed with defendant's counsel that the order should be terminated.[3]  See Latoya L., 104 Mass. App. Ct. at 178. Rather, the judge's primary concern appeared to be the parties' children's level of communication with the defendant.  This was improper.  In Moreno v. Naranjo, 465 Mass. 1001, 1002-1003 (2013), the Supreme Judicial Court determined the judge abused her discretion where, "[i]t [was] abundantly clear from the transcript that concern for [defendant]'s ability to visit with the child was the primary reason that the extension was limited to six months."  The court made clear that "[a] defendant's visitation rights are simply not an appropriate consideration in a c. 209A extension hearing."  Id. at 1002.

The judge committed a similar error here.  During the c. 209A extension hearing, defendant's counsel presented the judge with a guardian ad litem report (GAL report) issued by the Probate and Family Court in 2021.  As the judge reviewed the

---

[3] At the extension hearing, after both parties were sworn in, plaintiff's attorney began by volunteering background information about the procedural history of the present case and a separate matter in the Probate and Family Court between the parties.  The judge then listened to each attorney discuss whether to extend the 209A order; the attorneys' arguments dominated the hearing.  After hearing from both parties' counsel, but without hearing testimony from either the plaintiff or the defendant, the judge terminated the order and concluded the hearing.

4

report, over the objection of the plaintiff,[4] defendant's counsel explained the report demonstrates "parental alienation by the [plaintiff]" and includes "a strong recommendation of increased parenting time for the [defendant]." In response, the judge remarked,

> "I tend to agree with [defendant's counsel] that it . . . makes sense to terminate the restraining order; but I am concerned to do that under the fact that these people have such animosity towards each other. . . . I'm concerned about opening up more communication is . . . not going to be helpful, especially as they come up to trial."

The judge proceeded to ask about the circumstances and frequency of the defendant's current contact with the children. Then, after defendant's counsel argued there was no need to extend the 209A order, the judge stated, "I agree . . . my concern is more about [the children and defendant] having increased communication." After hearing from the plaintiff's counsel briefly, but not hearing any evidence regarding the plaintiff's continued fear of the defendant, the judge terminated the order. In addition to improperly shifting the focus from the plaintiff's continued fear based on the prior abuse to the inconvenience the order placed on the defendant, the judge erred

---

[4] The plaintiff objected to the judge's consideration of the report, arguing it was out-of-date and "not particularly relevant to . . . [plaintiff]'s need for [the 209A] order." See Moreno, 465 Mass. at 1001, 1003 (abuse of discretion to extend restraining order "for six months, rather than a full year" based on separate custody proceedings).

in considering the plaintiff's animosity toward the defendant as a factor in deciding whether to extend the 209A order. The victim's animosity toward her aggressor is not an appropriate consideration in c. 209A extension hearings because "[t]he well-established purpose of [c. 209A] is to protect victims of domestic violence." Moreno, 465 Mass. at 1002.

The defendant argues the judge did not abuse her discretion in terminating the order because the plaintiff submitted no evidence at the hearing. We disagree. In c. 209A abuse prevention order proceedings, "certain minimum standards of fairness must be observed." S.T. v. E.M., 80 Mass. App. Ct. 423, 429 (2011). Among them, "judges should not issue, or vacate, any part of an abuse prevention order, over objection, without hearing the evidence and giving the parties an opportunity to respond." Id. at 429-430. "While a judge surely may . . . interrupt an argument or a witness examination that has become repetitious, [she] should not terminate a hearing without ensuring that [she] has heard all the relevant and admissible evidence once." Id. at 430-431.

Here, the judge failed to consider any evidence from the plaintiff as to her need for the extension of the order before terminating the order and concluding the hearing.[5] See C.O. v.

_____

[5] While there were two affidavits from the plaintiff in the record supporting the issuance of the order, neither addressed

6

M.M., 442 Mass. 648, 657 (2004) ("The fact that defense counsel was permitted to argue on behalf of his client does not substitute for the opportunity to present evidence").  There was no indication the plaintiff waived the right to present evidence.  In fact, the hearing started with the plaintiff being sworn in to testify and ended with the plaintiff attempting to address the judge.  The judge declined to hear from the plaintiff, and the hearing was summarily concluded.  From this record, we are unable to conclude the judge made "a discerning appraisal of the continued need for an abuse prevention order to protect the plaintiff from the impact of the violence already inflicted."  Callahan, 85 Mass. App. Ct. at 374.  See Latoya L., 104 Mass. App. Ct. at 178 (abuse of discretion where judge "made no finding" and "record does not reflect [judge] focused on" question whether plaintiff had continued fear of defendant from prior abuse).  Thus, the judge abused her discretion in terminating the order.

2.  Improper presumption.  The plaintiff points to certain statements the judge made to argue that the judge abused her discretion by acting under a presumption that 209A orders cannot be permanent.  We pass over the issue without parsing the transcript other than to emphasize that "it is error to refuse,

_____

the plaintiff's continued fear of the defendant at the time of the extension hearing.

7

on the basis of personal preference or philosophy, a request to give consideration to a permanent order permitted by G. L. c. 209A." Lonergan-Gillen v. Gillen, 57 Mass. App. Ct. 746, 749 (2003).

Conclusion. As previously noted, the termination order dated January 31, 2024, has been reversed, and the case remanded to the District Court for further proceedings in accordance with this decision.[6]

So ordered.

By the Court (Henry, Smyth & Toone, JJ.[7]),

Paul Little

Clerk

Entered: April 28, 2025.

---

[6] Because we reversed the judge's termination order, we reject the defendant's request for attorney's fees and costs stemming from his claim that the plaintiff's appeal was frivolous. See Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).

[7] The panelists are listed in order of seniority.